(896 P.2d 1098)
No. 71,700

In the Matter of the Marriage of DAVID B. DEBENHAM, *Appellant*, and DONNA L. (DEBENHAM) ELLIS, *Appellee*.

Opinion filed June 9, 1995.

*Alan F. Alderson* and *Mark A. Burghart*, of Alderson, Alderson & Montgomery, of Topeka, for appellant.

*Robert E. Keeshan* and *Mark L. Burenheide*, of Hamilton, Peterson, Tipton & Keeshan, of Topeka, for appellee.

Before ELLIOTT, P.J., LEWIS and GREEN, JJ.

ELLIOTT, J.: David Debenham appeals the post-divorce order concerning where his minor child Cortney shall attend school.

We must affirm.

David and Donna Debenham Ellis were divorced in 1990; the trial court awarded joint custody of Cortney, with Donna having primary residential custody. Under the order, both parents had equal rights to make decisions regarding Cortney's schooling and educational placement.

Donna enrolled Cortney in the Cair Paravel Latin school against David's wishes. Eventually, the trial court ruled that Cortney remain at Cair Paravel "until such time as the parties shall agree otherwise or upon further order of the Court."

K.S.A. 1993 Supp. 60-1610(a)(4)(A) provides that in the event of joint custody, "the parties shall have equal rights to make decisions in the best interests of the child under their custody."

Our standard of review on this issue is one of first impression; other states have resolved the question in numerous ways, none of which is completely satisfactory. See, *e.g.*, *Jenks v. Jenks*, 385 S.W.2d 370, 376-77 (Mo. App. 1964) (agreements to agree in the future are unenforceable; custodial parent responsible for making decisions covering schooling); *Griffin v. Griffin*, 699 P.2d 407 (Colo. 1985) (court not in a position to substitute its choice of schools for that of parents; therefore, custodial parent's decision upheld); *Burchell v. Burchell*, 684 S.W.2d 296, 300 (Ky. App. 1984) ("Once the parents have abdicated their role as the custodians to the trial court, its decision is binding on the parties until it is shown that the decision is detrimental to the child physically or emotionally, or is no longer in his best interest.").

Unlike the parties in *Jenks* and *Griffin*, David and Donna do not have a joint custody agreement; they have a joint custody *order*. K.S.A. 60-1610(a)(4) provides that joint custody is preferred in Kansas; accordingly, dissolving the joint custody arrangement would violate public policy.

In the present case, the trial court determined it was in Cortney's *best interest* to attend Cair Paravel, Donna's choice of school. Donna argues the joint custody order is unenforceable—and, if not, the primary custodian should become the decision maker. But if we were to adopt Donna's latter argument, the primary custodian would have the trump card in *all* decisions contrary to the statute, which provides for "equal rights" to make decisions.

This case demonstrates the accuracy of the Kentucky Court of Appeals' statement concerning joint custody: "Like so many theories which have a noble purpose they often prove to be unworkable when tested in a practical world." *Burchell v. Burchell*, 684 S.W.2d at 301 (Gudgel, J., concurring and dissenting).

We need not set a bright line rule. The trial court based its decision on its perception of what was in the best interest of the child. We are unable to state that test is inappropriate since the

statute uses that phrase. See *In re R.P.*, 12 Kan. App. 2d 503, 504-05, 749 P.2d 49, *rev. denied* 243 Kan. 779 (1988).

David next argues the trial court erred in not following the Shawnee County Family Law Guidelines providing that the court should usually not order a child to attend a private or church-sponsored school. Shawnee County Family Law Guidelines 7.20. Our Supreme Court has held these guidelines are not court rules and are not binding on the court. *In re Marriage of Soden*, 251 Kan. 225, 235, 834 P.2d 358, *cert. denied* 113 S. Ct. 604 (1992). The trial court did not abuse its discretion in refusing to follow the guidelines.

David also argues the trial court order violates the First Amendment because it effectively established a preference for a private religious school. Here, the trial court expressly found it "does not view this as a matter of religious or educational preference but solely an issue of stability and the continued best interest of the minor child." The trial court's order does not violate the First Amendment. See *Griffin*, 699 P.2d at 410-11.

David also argues the trial court abused its discretion in finding what is in the best interests of Cortney. David argues the trial court's ultimate findings are a complete reversal of the court's prior findings that it only involved kindergarten. We have searched the record in vain to find a statement by the trial court that the initial ruling involved "only kindergarten."

Further, at the ultimate September hearing, David testified:

"Q. Are you asking the court to make an immediate change?
"A. No, we're not.
"Q. All right.
"A. We have reviewed the—Cortney has already started kindergarten at Cair Paravel. We believe it's in her best interest to go ahead and finish the school year out at Cair Paravel, no matter which ruling.

. . . .

"A. The kids in her class—she knows the kids in her class, knows the curriculum, procedures—knows the rules. Knows what she's supposed to do and not supposed to do. It's in her best interest to stay where she is for this year."

In our opinion, David not only acquiesced in that portion of the trial court's ruling that Cortney remain at Cair Paravel for the re-

mainder of the 1993-94 school year, but also relieved the court of making a faster ruling because any ruling made prior to the end of the school year would not change the situation.

We mention this almost nonissue because Donna argues David is now estopped from objecting to Cortney's school placement. Such is simply not the case. David and Donna have joint custody and thus have and continue to have equal rights regarding educational placement. Donna's good faith effort to include David in the school decision regarding kindergarten does not stop him from objecting to her decision regarding school placement in the future. While the trial court did not abuse its discretion in deciding (in the best interest of the child) which school Cortney should attend for the term here involved (see *In re Marriage of Ross*, 245 Kan. 591, 597-98, 783 P.2d 331 [1989]), David is *not* estopped from challenging Donna's choice of schools in future years.

Finally, David argues the trial court's order is not supported by substantial competent evidence. The trial court found Cortney was well adjusted to Cair Paravel and therefore should remain there. David did acquiesce in that portion of the order that Cortney complete kindergarten at Cair Paravel. And there was evidence that it would be in Cortney's best interest to not change schools in first grade.

The public school principal where David wanted Cortney to attend testified that although changing her to her neighborhood school would be less of a problem than other changes of schools, any change between kindergarten and first grade "could affect the child." He also testified that regarding any change of schools, consistency is important in early childhood. David testified that Cortney was well adjusted at Cair Paravel.

The trial court's finding that the stability of continuing Cortney at Cair Paravel, at the time, was in the child's best interest was supported by the evidence and was not an abuse of discretion. And a presumption of validity attaches to the trial court's judgment. *Cason v. Geis Irrigation Co.*, 211 Kan. 406, 412, 507 P.2d 295 (1973).

This was not an easy case to decide. We recognize that, probably, neither party will find much satisfaction with our decision. The

parties may well litigate the school issue on a yearly basis. But our legislature has declared joint custody and equal decisional rights as the public policy of this state. Under such mandate, courts are ill-equipped to decide these questions; but the courts must do so as best they can.

Affirmed.