Phyllis Gilmore Executive Director Behavioral Sciences Regulatory Board 712 S. Kansas Avenue Topeka, Kansas 66603-3817
Dear Mrs. Gilmore:
As Executive Director of the Behavioral Sciences Regulatory Board, you ask the following question: "In a joint custody situation, may either parent authorize therapy for a child without the knowledge and/or consent of the other parent?"
In 1992 this office opined that when a court awards sole custody of a child, the noncustodial parent is not authorized to obtain treatment or receive confidential information about the child from any of the professionals regulated by the Board.[1] You now raise the same issue in relation to a joint custody arrangement.
Under the Kansas divorce statute, "the court may order the joint legal custody of a child with both parties. In that event, the parties shall have equal rights to make decisions in the best interests of the child."[2] The Kansas Court of Appeals has affirmed this clear statutory statement.[3] While in the best of all possible worlds, one would hope that divorced parents who share joint custody of their child or children would consult with each other when therapy appears warranted, it is naive to think that all divorced parents inhabit such a world. Because the law provides joint custodial parents with equal decisional rights regarding their child or children, either parent may authorize therapy for a child or children without the knowledge and/or consent of the other parent, absent any court order directing otherwise.
Sincerely,
 PHILL KLINE Attorney General
 Camille Nohe Assistant Attorney General
PK:JLM:CN:jm
[1] Attorney General Opinion No. 92-53. We note that subsequent to the issuance of that opinion, the statute regarding sole custody has been modified and now states that "the award of sole legal custody to one parent shall not deprive the other parent of access to information regarding the child unless the court shall so order, stating the reasons for that determination." K.S.A. 2004 Supp. 60-1610(a)(4)(B).
[2] K.S.A. 2004 Supp. 60-1610(a)(4)(A).
[3] Matter of Marriage of Debenham, 21 Kan.App.2d 121 (1995).