(149 P.3d 874)
No. 95,203

DAVID A. YORDY, *Appellant*, v. LISA M. OSTERMAN, *Appellee*.

Opinion filed January 19, 2007.

*Gary L. Ayers* and *Michael J. Mayans*, of Foulston Siefkin LLP, of Wichita, and *Robb W. Rumsey*, of Rumsey & Cleary, of Wichita, for appellant.

*Cheryl J. Roberts*, of Cheryl J. Roberts, Attorney Chartered, of Wichita, for appellee.

Before MCANANY, P.J., PIERRON, J., and BUKATY, S.J.

McAnany, J.: In 2002 Lisa Osterman (Mother) and David Yordy

(Father), who were never married to each other, were awarded the joint custody of their 3-year-old son. They shared residential placement on a schedule of Mondays and Tuesdays with Father, Wednesdays and Thursdays with Mother, and alternating weekends. In September 2004, Father moved the court for an order allowing his son to attend Sunrise Christian Academy for preschool. Mother objected. The court ordered that each parent shall have exclusive control over the child while the child was with him or her and, therefore, the boy could attend Sunrise preschool during the alternating days he resided with his father.

In August 2005, as the boy prepared to enter elementary school, Mother moved to allow him to be enrolled in kindergarten in a public school. Father wanted his son to continue at Sunrise where the boy had made friends who would attend kindergarten there with him. Father argued his proposal was in his son's best interests because Father worked at Sunrise as a teacher and coach and could check on his son during the day. Further, the school would waive tuition because of Father's employment there. Finally, the boy would be taught by a well-qualified teacher in a class of only seven students. Mother, on the other hand, objected to Father having that much contact with his son. She wanted the child to attend school in a "neutral environment." Following oral argument on the motion the district court sustained Mother's motion. The court stated it would not "order a religious-based schooling in a situation where both parents are not in equal agreement as to that education. . . . Unless both parties are in agreement I'm not going to order the child in Sunrise School."

Father immediately moved the court to reconsider its decision. The district court held a nonevidentiary hearing on this motion a week later and denied the motion. In doing so, the district court concluded that there is a presumption in favor of public schooling and when one parent objects to a religious school the proponent for attendance at a religious school must overcome the presumption in favor of public schools. Though no evidence had been presented, the court found that Father failed to overcome the presumption.

Father now appeals. He argues that the district court erred by not giving equal consideration to each parent's choice of a school but rather imposing a presumption against religious-based schooling which Father had to overcome. He also claims the district court erred by not determining which school was in his son's best interests.

When the district court orders that parents have joint custody of their child, they have equal rights to make decisions in the best interests of their child. K.S.A. 60-1610(a)(4)(A). This includes the decision about which school their child should attend. Thus, Mother and Father had equal rights to make decisions about which school their son should attend. See *In re Marriage of Debenham*, 21 Kan. App. 2d 121, 896 P.2d 1098 (1995). In the all-too-common event of a dispute on such a fundamental issue between parents who are subject to the court's ongoing jurisdiction during the minority of their child, it is the job of the courts to resolve the dispute in a manner that is in the best interests of the child. The fact that the dispute centers on the child's attendance at either a religious or secular school does not absolve the court from deciding the matter. When a court resolves such issues by disregarding the conflicting religious preferences of the parties and focusing on the other important factors in choosing a school for a child, the court does not engage in any State endorsement of, or hostility towards, religious practices that would offend the Establishment Clause of the First Amendment to the United States Constitution. *Debenham*, 21 Kan. App. 2d at 123. The court cannot refuse to undertake such an analysis simply because the parties cannot agree.

Further, Mother fails to point to, and we cannot find, any precedent or legislative enactment that creates a presumption in favor of a child's secular education. Such a presumption would seem to be at odds with the government's posture of neutrality on decisions regarding the religious upbringing of children.

In *Debenham*, the district court found that attending a religious school was in the child's best interests, even though one parent objected. On appeal, this court affirmed the district court and found that the district court did not err by basing its decision on what was in the best interests of the child. 21 Kan. App. 2d at 123.

The court further found that the district court did not violate the objecting parent's First Amendment rights because it did not view the matter as one of religious or educational preference but solely as an issue of stability and the continued best interests of the minor child. 21 Kan. App. 2d at 123.

We agree with the reasoning in *Debenham*. Accordingly, we reverse and remand for an evidentiary hearing on Mother's motion in which the district court determines which school is in the child's best interests.

Reversed and remanded.