30 Kan. App.2d 587 (2002)
43 P.3d 881
IN THE INTEREST OF G.M.A., DOB: 06-21-93, and S.R.A, DOB: 02-16-95
No. 86,933.
Court of Appeals of Kansas.
Opinion filed April 12, 2002.
*588 Scott E. Wasserman and Candice L. Shepard, of Law Offices of Scott Wasserman, of Shawnee Mission, for appellant maternal grandmother.
Donald W. Hymer, Jr., and Steven J. Obermeier, assistant district attorneys, and Paul J. Morrison, district attorney, for appellee State of Kansas.
Melinda S. Whitman, of Overland Park, guardian ad litem.
Before RULON, C.J., KNUDSON, J., and WAHL, S.J.
Per Curiam:
This is a severance of parental rights case. The district court severed the parental rights of the biological parents to both children in this case. The issues on appeal concern the denial of a motion for custody filed by the maternal grandmother requesting the district court to grant her custody of the children for the purpose of adoption under K.S.A. 38-1584.
We affirm.
The two issues on appeal are as follows:
I. Does K.S.A. 38-1584(b)(4) create a rebuttable presumption in favor of custody with a relative for purposes of adoption?
II. Who bears the burden of proof and the burden of producing evidence in regard to obtaining custody of the children for adoption?
The facts of this case are not in dispute.
On May 12, 1999, G.M.A. and S.R.A were found to be children in need of care for reasons not relevant here. Subsequently, the district court terminated both natural parents' rights to the children. Neither parent has appealed this ruling.
On May 25, 2000, the maternal grandmother filed a motion asking for custody of the children. In the maternal grandmother's motion she seeks custody for the purposes of adopting the children. After hearing evidence and argument from counsel, the district court found it would not be in the children's best interests to be placed in the custody of the maternal grandmother and, therefore, denied her motion.

Rebuttable Presumption
The maternal grandmother first argues that the court erred in finding K.S.A. 38-1584(b)(4) does not create a rebuttable presumption in favor of giving custody to a relative, when the relative *589 requests custody for purposes of adopting the subject child or children. She claims the court's ruling, finding that it would not be in the best interests of the children, in effect eviscerates the language of the statute. We disagree.
K.S.A. 38-1584 reads in relevant part:
"(a) Purpose of section. The purpose of this section is to provide stability in the life of a child who must be removed from the home of a parent, to acknowledge that time perception of a child differs from that of an adult and to make the ongoing physical, mental and emotional needs of the child the decisive consideration in proceedings under this section. The primary goal for all children whose parents' parental rights have been terminated is placement in a permanent family setting.
"(b) Actions by the court. (1) Custody for adoption. When parental rights have been terminated and it appears that adoption is a viable alternative, the court shall enter one of the following orders:
(A) An order granting custody of the child, for adoption proceedings, to a reputable person of good moral character, the secretary or a corporation organized under the laws of the state of Kansas authorized to care for and surrender children for adoption as provided in K.S.A. 38-112 et seq., and amendments thereto. The person, secretary or corporation shall have authority to place the child in a family home, be a party to proceedings and give consent for the legal adoption of the child which shall be the only consent required to authorize the entry of an order or decree of adoption.
(B) An order granting custody of the child to proposed adoptive parents and consenting to the adoption of the child by the proposed adoptive parents.
(2) Custody for permanent guardianship. When parental rights have been terminated and it does not appear that adoption is a viable alternative, the court may enter an order granting custody of the child for permanent guardianship to a reputable person of good moral character. Upon appointment of a permanent guardian, the court shall discharge the child from the custody of the secretary.
(3) Custody for placement with a fit and willing relative. When parental rights have been terminated and it does not appear that adoption is a viable alternative, the court may enter an order granting custody of the child for placement with a willing relative who is a reputable person of good moral character. Upon an order of custody and placement with a fit and willing relative, the court shall discharge the child from the custody of the secretary.
(4) Preferences in custody for adoption or permanent guardianship. In making an order under subsection (b)(1) or (2), the court shall give preference, to the extent that the court finds it is in the best interests of the child, first to granting such custody to a relative of the child and second to granting such custody to a person with whom the child has close emotional ties. ....

*590 "(f) If the secretary has documented to the court a compelling reason why neither custody for adoption nor custody for permanent guardianship nor custody for placement with a fit and willing relative are currently a viable option, the court may order custody to remain with the secretary for continued permanency planning and another planned permanent living arrangement."
This is an issue of statutory interpretation and thus a question of law. Interpretation of a statute is a question of law, and this court's review is unlimited. An appellate court is not bound by the district court's interpretation of a statute. Babe Houser Motor Co. v. Tetreault, 270 Kan. 502, 506, 14 P.3d 1149 (2000).
"It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. [Citation omitted.] The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. [Citation omitted.]" In re Marriage of Killman, 264 Kan. 33, 42-43, 955 P.2d 1228 (1998).
"Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible." State v. Engles, 270 Kan. 530, 533, 17 P.3d 355 (2001).
"`In construing statutes and determining legislative intent, several provisions of an act, in pari materia, must be construed together with a view of reconciling and bringing them into workable harmony if possible. [Citation omitted.]'" State v. Bolin, 266 Kan. 18, 24, 968 P.2d 1104 (1998) (quoting State v. Vega-Fuentes, 264 Kan. 10, 14, 955 P.2d 1235 [1998]).
The trial court in this case noted that under K.S.A. 38-1501 a proceeding under the Kansas Code for the Care of Children is civil in nature. The court went on to find that K.S.A. 60-413 provides the definition of a presumption and K.S.A. 60-414 the effect of a presumption. However, the legislature used the word "preference" rather that the word "presumption." The court noted that in K.S.A. 38-1585 the legislature used the word "presumption," indicating the legislature knew the difference between the two terms.
*591 In In re R.P., 12 Kan. App.2d 503, 749 P.2d 49, rev. denied 243 Kan. 779 (1988), this court reviewed a similar argument under the 1987 version of this same statute. K.S.A. 1987 Supp. 38-1584 read in relevant part:
"(3) Preferences in custody for adoption or long-term foster care. In making an order under subsection (c)(1) or (2), the court shall give preference, to the extent that the court finds it is in the best interests of the child, first to granting such custody to a relative of the child and second to granting such custody to a person with whom the child has close emotional ties."
In In re R.P., one of the appellants was the child's uncle. The trial court found that while the appellants were good prospective adoptive parents, it would not be in the best interests of the child to destroy the trusting and loving relationship the child had experienced over the 2 years the child had been with the foster parents. To do so would cause serious consequences and inflict great emotional pain upon R.P. The uncle argued the legislature did not intend for close emotional ties with the foster parents or other nonrelatives to change the statutory preference for placement with relatives, claiming the legislature had determined that placement of a child with suitable relatives is in the best interests of a child and a trial court lacked jurisdiction to determine otherwise.
This court disagreed, noting the language of K.S.A. 1987 Supp. 38-1584(a) emphasized the court's duty was to act in the child's best interests. The language of the statute remains unchanged in the current version.
"In 38-1584(c)(3), the legislature has expressed the policy that preference for adoption should be given to a relative of the child. This policy, however, must be balanced with the policy `to make the ongoing physical, mental and emotional needs of the child the decisive consideration.'" 12 Kan. App.2d at 505.
In In re R.P., this court concluded the trial court had applied the statutory preference and such placement was a matter within the sound discretion of the trial court. 12 Kan. App.2d at 505.
Other than some changes in the wording and numbering of statutory sections not relevant here, the statute remains unchanged from when In re R.P. was decided. Here, the maternal grandmother goes to great length to argue the legislature meant for the *592 relative preference to operate as a presumption as it is defined under the rules of evidence. However, the maternal grandmother fails to produce any legislative or case law authority for this position. A. long-standing rule of statutory construction states that when the legislature revises an existing law, it is presumed that the legislature intended to change the law as it existed prior to the amendment. Hughes v. Inland Container Corp., 247 Kan. 407, 414, 799 P.2d 1011 (1990). Conversely, when the legislature fails to modify a statute to avoid a long-standing judicial construction of that statute, the legislature is presumed to agree with the court's interpretation. Clanton v. Estivo, 26 Kan. App.2d 340, 343, 988 P.2d 254 (1999).
Under K.S.A. 60-413 "[a] presumption is an assumption of fact resulting from a rule of law which requires such fact to be assumed from another fact or group of facts found or otherwise established in the action." A. "preference" has been defined as the act of preferring one thing above another, the choice of one thing rather than another, or the state of being chosen or preferred before others. See 33 Words and Phrases, Preference. A. preference has also been defined as "the granting of precedence or advantage to one over others." Webster's II New Riverside University Dictionary 927 (1988). No authority indicates that these terms are synonymous.
Given that the legislature has used the word presumption in adjacent statutes in the Code for Care and Treatment of Children, yet used the word preference in K.S.A. 38-1584(b)(4) and the fact that the legislature has failed to modify the language in the statute for 13 years following the In re R.P. decision, the trial court was correct in that the statute does not create a rebuttable presumption in favor of placing the child with a relative. "It is presumed the legislature understands the words it uses and intends to use those words in their common and ordinary meaning." Nora H. Ringler Revocable Family Trust v. Meyer Land and Cattle Co., 25 Kan. App.2d 122, 136, 958 P.2d 1162, rev. denied 265 Kan. 886 (1998). While the court is to grant a preference to a relative seeking custody of the child for adoption purposes under K.S.A. 38-1584(b)(4) over other qualified applicants, there is no indication the legislature *593 means "preference" to mean a rebuttable presumption. Further, as stated in In re R.P., the court must exercise this preference in light of the best interests of the child.

Burden of Proof
The maternal grandmother's second argument is closely tied to her first. She argues that because the statute creates a presumption in favor of custody being given to a relative, it was therefore up to the opposing party to come forward and show why the relative, in this case the maternal grandmother, should not have custody.
The trial court disagreed, relying on general rules of evidence that the party seeking a change bears the burden of proof and the maxim that where relevant facts lie peculiarly within the knowledge of a party, that party has the burden of proving the issue.
There is no statutory guidance on who bears the burden of proof in proceedings under K.S.A. 38-1584.
"`Burden of proof' means the obligation of a party to meet the requirements of a rule of law that the fact be proven either by a preponderance of the evidence or by clear and convincing evidence or beyond a reasonable doubt, as the case may be. Burden of proof is synonymous with `burden of persuasion.'" K.S.A. 60-401.
The determination of which party shall bear the burden of proof is a question of law, and, therefore, this court's review is unlimited. See Glassman v. Costello, 267 Kan. 509, Syl. ¶ 2, 986 P.2d 1050 (1999). In most situations, the burden lies with the moving party, although not always (for example, a motion to suppress). In re Marriage of Gordon-Hanks, 27 Kan. App.2d 987, 994, 10 P.3d 42 (2000). Our court has repeatedly held the burden of proving a change in custody is warranted rests upon the movant. Simmons v. Simmons, 223 Kan. 639, 642, 576 P.2d 589 (1978).
In this case, the maternal grandmother filed a motion under K.S.A. 38-1584 to be given custody of the children for the purposes of adoption. As the movant or proponent of the motion, she would ordinarily carry the burden of proof as to why she should be given custody. It is often said that the burden of proof rests with the party who, absent meeting his or her burden, is not entitled to relief, or upon the party that would be unsuccessful if no evidence *594 were introduced on either side. Also, the burden of proof generally falls upon the party seeking a change in the status quo. 29 Am. Jur. 2d, Evidence § 158.
While there is no definitive statutory or case law answer to this question, we conclude the trial court's decision is sound and is affirmed.

Standard of Proof
Last, the maternal grandmother argues the district court erred in finding the standard of proof was by the preponderance of the evidence. She claims that because K.S.A. 38-1584(b)(4) creates a rebuttable presumption in favor of the relative, then the standard for rebutting a presumption under K.S.A. 60-416 mandates that the party opposing the granting of custody to the relative must do so by clear and convincing evidence.
We conclude the district court's reasoning is sound. In a civil case filed under K.S.A. 38-1501, the standard of proof is by a preponderance of evidence. Witschner v. City of Atchison, 154 Kan. 212, 215, 117 P.2d 570 (1941).
Affirmed.