(190 P.3d 983)
No. 98,750

FRICK FARM PROPERTIES, L.P., *Appellant,* v. THE STATE OF KANSAS, DEPARTMENT OF AGRICULTURE, DIVISION OF WATER RESOURCES, *Appellee.*

Opinion filed August 22, 2008.

*David M. Traster,* of Foulston Siefkin LLP, of Wichita, for appellant.

*Brett W. Berry,* of Kansas Department of Agriculture, for appellee.

Before GREENE, P.J., MARQUARDT and LEBEN, JJ.

MARQUARDT, J.: Frick Farm Properties, L.P., (Frick Farm) appeals the Department of Agriculture, Division of Water Resources' (DWR) order terminating its water right. We affirm.

On November 4, 1982, a certificate of appropriation was issued to Bernard J. Debes for Water Right, File No. 17,125 (water right) in Pawnee County, Kansas. Frick Farm, owned by Kent and Karen Frick, purchased Debes' real estate, including the water right, on November 22, 2002. In January 2003, Debes received notice from the DWR that water had not been used under the water right for 3 years. Debes took the letter to Frick Farm and discussed it with the Fricks. Frick Farm then submitted a water use statement.

On January 9, 2004, Frick Farm was sent a letter notifying it that no beneficial use of water had been reported for 3 years and the water right would be terminated if the period of nonuse extended to 5 years. The Fricks were asked to report the reasons for their nonuse of the water right, and provided a list "as a guide in reporting in your own words the specific situation for your water right(s)."

Frick Farm responded to the DWR's request, stating that Debes' ongoing health problems prevented him from using the water right, and Frick Farm had purchased the property in October 2002.

In August 2004, the DWR sent two letters to Frick Farm with a copy of the "draft verified report" for its review. The DWR advised Frick Farm that the verified report would be used as prima facie evidence to support the DWR's conclusion that the water right had been abandoned. The letters also provided Frick Farm with notice and the opportunity to provide further information not documented in its water use reports or the verified report.

Corinne Curran, a representative of the chief engineer of the DWR, began an investigation of the water right in September 2004. The verified report was delivered to Frick Farm on October 15, 2004, which stated that for the years 1985 through 2003, there was nonuse of the water right without due and sufficient cause. Attached to the verified report was a copy of K.A.R. 5-7-1, which provided an exhaustive list of the evidence Frick Farm could have presented to prove due and sufficient cause for nonuse of the water right. Notice of a hearing to determine if the water right was abandoned and terminated was delivered to Frick Farm on November 17, 2004.

On March 15, 2005, a hearing was held to determine whether there had been an abandonment of the water right. On January 6, 2006, the chief engineer issued an order with the following findings of fact and conclusions of law: (1) Frick Farm did not establish due and sufficient cause for the nonuse of water for two periods exceeding 5 years; and (2) manifest injustice would not result if the water right was declared abandoned and terminated. Therefore, the water right was declared abandoned and terminated.

Frick Farm petitioned for administrative review. The Secretary of Agriculture denied the petition for review. Frick Farm moved to set aside the denial, which was denied as well.

Frick Farm timely petitioned for judicial review of the DWR order and the denial of its petition for administrative review. Frick Farm argued that the water right was a real property right and that in terminating the water right, DWR committed numerous procedural errors and misapplications of law.

The district court affirmed the DWR order and held: (1) the DWR did not erroneously interpret or apply K.S.A. 2007 Supp. 82a-718(a); (2) K.A.R. 5-7-1 does not impermissibly shift the burden of proof; (3) the termination of the water right was supported by substantial competent evidence; (4) equity principles are inapplicable to the present action; (5) K.S.A. 2007 Supp. 82a-718 did not deprive Frick Farm of due process; and (6) Frick Farm did not meet its burden of proof to refute DWR's verified report. Frick Farm timely appealed to this court.

## I. Standard of Review

The standard of judicial review of a state administrative agency action is controlled by the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 *et seq. National Council on Compensation Ins. v. Todd*, 258 Kan. 535, 538, 905 P.2d 114 (1995). Under the KJRA, the scope of review is somewhat broader than the traditional scope of review. *Woman's Club of Topeka v. Shawnee County*, 253 Kan. 175, 180, 853 P.2d 1157 (1993). A court reviewing an administrative agency's action shall grant relief only if it determines one or more of the following:

"(1) The agency action, or the statute or rule and regulation on which the agency action is based, is unconstitutional on its face or as applied;

"(2) the agency has acted beyond the jurisdiction conferred by any provision of law;

"(3) the agency has not decided an issue requiring resolution;

"(4) the agency has erroneously interpreted or applied the law;

"(5) the agency has engaged in an unlawful procedure or has failed to follow prescribed procedure;

"(6) the persons taking the agency action were improperly constituted as a decision-making body or subject to disqualification;

"(7) the agency action is based on a determination of fact, made or implied by the agency, that is not supported by evidence that is substantial when viewed in light of the record as a whole, which includes the agency record for judicial review, supplemented by any additional evidence received by the court under this act; or

"(8) the agency action is otherwise unreasonable, arbitrary or capricious." K.S.A. 77-621(c).

## II. Water Right as a Property Right

Frick Farm contends the Water Appropriation Act, K.S.A. 82a-701 et seq. (the Act), creates a property right that cannot be forfeited unless the State proves every element of forfeiture.

Determination of this issue requires statutory interpretation, which is a question of law; however, special rules apply when reviewing an administrative agency's interpretation or application of a law. Coma Corporation v. Kansas Dept. of Labor, 283 Kan. 625, 629, 154 P.3d 1080 (2007).

"If there is a rational basis for the agency's interpretation, it should be upheld on judicial review. If, however, the reviewing court finds that the administrative agency's interpretation is erroneous as a matter of law, the court should take corrective steps. The determination of an administrative agency as to questions of law is not conclusive and, while persuasive, is not binding on the courts." Winnebago Tribe of Nebraska v. Kline, 283 Kan. 64, 70, 150 P.3d 892 (2007).

Deference to an agency's interpretation is particularly appropriate if the agency has special competence and experience. However, the final construction of a statute lies with this court. Coma Corporation, 283 Kan. at 629.

A state may create a property right and then place conditions on the retention of that right. Hawley v. Kansas Dept. of Agriculture, 281 Kan. 603, 617, 132 P.3d 870 (2006). The scope and conditions

of a property right are determined by statute. See *Maas v. Huxtable & Assocs., Inc.*, 23 Kan. App. 2d 236, 240, 929 P.2d 780 (1996).

A water right in Kansas is a

"vested right or appropriation right under which a person may lawfully divert and use water. It is a real property right appurtenant to and severable from the land on or in connection with which the water is used and such water right passes as an appurtenance with a conveyance of the land by deed, lease, mortgage, will, or other voluntary disposal, or by inheritance." K.S.A. 2007 Supp. 82a-701(g).

All water within the state of Kansas is dedicated to the use of the people of the state and is subject to the control and regulation in the manner prescribed. K.S.A. 82a-702.

All appropriations of water must be for a beneficial use. A water right can be terminated if there is no beneficial use of the water without due and sufficient cause for 5 successive years. K.S.A. 2007 Supp. 82a-718(a).

Under K.S.A. 2007 Supp. 82a-732(a), a water right owner is required to file an annual water use report on the form provided by the DWR chief engineer. Additionally, "[t]he report shall completely and accurately set forth such water use information requested by the chief engineer." K.S.A. 2007 Supp. 82a-732(a). The water use reports from 1985 to 2003 did not show any water usage and failed to state due and sufficient cause for the nonusage. At the top of the yearly report form, it clearly states: "IF YOU DID NOT USE WATER, YOU MUST REPORT THE REASON FOR NON-USE TO HELP PROTECT YOUR WATER RIGHT."

This form put Debes and Frick Farm on notice that they were required to provide the amount of water usage to the DWR each year, and if no water was used, they had to provide a reason for the nonusage.

Prior to termination of a water right, the chief engineer must conduct a hearing, and the chief engineer's decision is subject to review by the Secretary of Agriculture. K.S.A. 2007 Supp. 82a-718(a); K.S.A. 2007 Supp. 82a-1901(a). When a verified report which shows nonuse of the water right without due and sufficient cause for 5 successive years is admitted at a hearing before the DWR, it is prima facie evidence of abandonment and termination. K.S.A. 2007 Supp. 82a-718(a); K.A.R. 5-7-1(d). Prima facie evi-

dence is evidence which, if unexplained or uncontradicted, is sufficient to sustain a verdict in favor of the issue which it supports, even though it may be contradicted by other evidence. *Van Brunt, Executrix v. Jackson*, 212 Kan. 621, 623, 512 P.2d 517 (1973).

The legislature created the water rights statutes and also provided for forfeiture of a water right. This means that Frick Farm's water right can be forfeited and terminated if the procedures set out in the statutes are followed. The DWR followed the procedures outlined in the statutes in terminating the water right, and Frick Farm's due process rights were not violated.

### III. Burden of Proof at a Water Right Forfeiture Hearing

Frick Farm contends the DWR treated the verified report as conclusive evidence of forfeiture of the water right, without evidence supporting the claim. The DWR, however, argues that the verified report was prima facie evidence which Frick Farm had the burden to rebut.

The determination of which party has the burden of proof is a question of law over which this court has unlimited review. *In re G.M.A.*, 30 Kan. App. 2d 587, 593, 43 P.3d 881 (2002).

Administrative agencies are creatures of statute, and their power depends on the authorizing statutes; therefore, any exercise of authority claimed by an agency must come from the statutes. *American Trust Administrators, Inc. v. Kansas Insurance Dept.*, 273 Kan. 694, 698, 44 P.3d 1253 (2002). Administrative regulations have the force and effect of law. K.S.A. 77-425. Moreover, administrative regulations are presumed valid, and the party challenging the regulation bears the burden to show invalidity. *In re Tax Appeal of City of Wichita*, 277 Kan. 487, 495, 86 P.3d 513 (2004). When interpreting such regulations, this court grants considerable deference to the agency's interpretation of its own regulations, which should not be disturbed unless that interpretation is clearly erroneous or inconsistent with the regulation. *Tonge v. Werholtz*, 279 Kan. 481, 484, 109 P.3d 1140 (2005).

K.S.A. 82a-706 and K.S.A. 82a-706a give the chief engineer of the DWR authority to enforce and administer water right laws and, in doing so, provide the chief engineer with authority to promul-

gate rules and regulations. The chief engineer promulgated K.A.R. 5-7-1(d), which in the instant case required Frick Farm to show due and sufficient cause for any nonuse established by the verified report.

K.A.R. 5-7-1(d) states that when a verified report establishes nonuse of a water right for 5 successive years, the water right owner has the burden of showing that there have not been 5 or more successive years of nonuse without due and sufficient cause.

The *Hawley* court discussed the history of Kansas water rights, the loss of a water right, and whether the statute was a forfeiture or abandonment statute. The court stated:

"[T]he legislature's chosen language which follows 'shall be deemed abandoned and shall terminate,' *i.e.*, 'when [1] without due and sufficient cause [2] no lawful, beneficial use is henceforth made of water under such right for 5 successive years' clearly means that unless the water right holder demonstrates satisfaction of one of those two conditions at the hearing, those rights shall terminate by operation of law. In the further words of the statute, the right is then 'abandoned and terminated' by declaration. See K.S.A. [2007] Supp. 82a-718(a). [Citation omitted.]" 281 Kan. at 622.

Frick Farm had the burden of proof to show lawful and beneficial use of the water, or due and sufficient cause for nonuse, which it failed to do. There is substantial evidence to support the termination of Frick Farm's water right.

Affirmed.