No. 122,499

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DODGE CITY COOPERATIVE EXCHANGE,
*Appellee/Cross-appellant*,

v.

BOARD OF COUNTY COMMISSIONERS
OF GRAY COUNTY, KANSAS,
*Appellant/Cross-appellee*.

SYLLABUS BY THE COURT

1.

When a taxpayer challenges the valuation of real property for commercial and industrial purposes, K.S.A. 79-1606(c) and K.S.A. 79-1609 require the county or district appraiser to "initiate the production of evidence to demonstrate, by a preponderance of the evidence," that the property has been properly classified. These statutes establish a quantum of proof—"preponderance of the evidence"—and designate who bears the burden of proof during the proceedings—the county or district appraiser.

2.

An appeal to the district court providing a trial de novo—whether taken from an agency determination or from a different court—requires issues of both law and fact to be determined anew. The burden of proof in a trial de novo remains with the party who bore the burden in the underlying proceedings.

3.

Kansas law exempts commercial and industrial machinery and equipment from property and ad valorem taxes, but this exemption does not extend to real property. Real

property includes land, buildings, and fixtures—personal property affixed to and considered part of the real estate.

4.

Machinery and equipment are taxable fixtures if they (1) are annexed to real property; (2) are adapted to the use of and serve the real property; and (3) were intended by the party attaching the equipment to be permanently affixed to the property. All three elements must be met for equipment to be a fixture.

Appeal from Gray District Court; VAN Z. HAMPTON, judge. Opinion filed July 22, 2022. Affirmed in part and vacated in part.

*Michael Giardine*, assistant county attorney, for appellant/cross-appellee.

*Marc E. Kliewer* and *Klint A. Spiller*, of Kennedy Berkley Yarnevich & Williamson, Chartered, of Salina, for appellee/cross-appellant.

Before ATCHESON, P.J., WARNER, J., and ANTHONY J. POWELL, Court of Appeals Judge, Retired.

WARNER, J.: This appeal involves the classification for tax purposes of various equipment associated with grain storage bins in Gray County. The County assessed ad valorem taxes for tax years 2013 and 2014 for the equipment, which was bolted to the storage bins to allow for transfer and monitoring of grain, based on its conclusion that the pieces of equipment were taxable fixtures rather than personal property.

The owner of the equipment—the Dodge City Cooperative Exchange (the Co-op)—appealed this assessment to the Board of Tax Appeals. When the Board affirmed the County's assessment, the Co-op petitioned for judicial review by the district court, seeking a trial de novo under K.S.A. 2016 Supp. 74-2426(c)(4)(B). After considering the

parties' arguments and the evidence presented, the district court reversed the taxing authorities. The court ordered the County to refund the taxes collected based on the equipment's value for both the 2013 and 2014 tax years and all subsequent tax years.

The County has now appealed the district court's decision, arguing the court imposed an incorrect burden of proof and erred in concluding that the various pieces of equipment were not fixtures. The Co-op has cross-appealed, claiming some of the district court's findings were not supported by the record but asking this court to affirm the district court's ultimate conclusion. After carefully considering the parties' arguments and reviewing the record before us, we affirm the district court's finding that the equipment was not taxable property. We vacate the district court's prospective judgment regarding tax years after 2014, as that judgment went beyond the scope of the Co-op's petition for judicial review.

FACTUAL AND PROCEDURAL BACKGROUND

In 2009, the Co-op built two grain storage bins at its facility in Ensign. It also purchased equipment to move, blend, aerate, monitor, and dispense the stored grain. The additional pieces of equipment included:

- An 80-foot, 45,000 bushels per hour (bph) Essmueller drag conveyor;
- A 107-foot, 45,000 bph Essmueller drag conveyor;
- A 235-foot, 40,000 bph Hi Roller belt conveyor;
- Two 18-inch by 57-foot bin unloading screw conveyors;
- Two 18-inch by 35-foot belt feeder square spouts;
- Two 18-inch square transitions;
- Two 24-inch by 15-foot square unloading spouts with side draw slide gates;
- Two overhead connecting bridges;
- Aeration-system components;

3

- Temperature-monitoring system components; and

- A Compuweigh Train Loadout remote communications module and components.

These pieces of equipment were assembled at the site of storage bins and were installed by bolting the equipment either to the bins or to the ground. Fred Norwood, whose company installed the equipment, explained that the equipment could be removed for repair or replacement with "relative ease." According to Jerald Kemmerer, the Co-op's CEO, the Co-op had removed similar equipment from other grain elevators in the past for use in other locations. When the equipment was moved, it would not damage the storage bin (though there might be an open hole where a conveyor or some other equipment had been).

For the 2011 tax year, the Gray County Appraiser assessed ad valorem taxes for the various pieces of equipment based on its finding that the equipment had become affixed to (and thus become part of) the real property. Apparently, the Co-op contested this classification and brought its claims before the Board. The record and disposition of that case are not before us, however.

This appeal involves a similar classification in tax years 2013 and 2014. During those years, the Gray County Appraiser again classified the Co-op's various equipment as fixtures and assessed ad valorem taxes based on the equipment's value. The Co-op again contested the County's classification, appealing the County's assessment to the Board of Tax Appeals.

Our review of the proceedings before the Board is hampered by the fact that the record on appeal does not include the administrative record. Instead, we must rely on the summary contained in the Board's final order and the parties' later submissions to the district court to ascertain what occurred there.

The Board's order indicates that an evidentiary hearing was held on both years' assessments in April 2015. During the hearing, Kemmerer, Norwood, and Jerry Denney, the Gray County Appraiser, testified. According to the Board's summary, Norwood explained that the equipment could easily be removed from the storage bins, but the bins could not operate properly without the equipment. Kemmerer described how similar pieces of equipment had been removed from and installed on other bins. And the County Appraiser discussed why he classified the equipment as fixtures.

After considering the evidence, the Board issued its order in September 2015 affirming the County's classification of all equipment, except the temperature-monitoring system, as taxable fixtures to the real estate. To reach this conclusion, the Board first found that the Co-op—not the County—bore the burden of proving that the various pieces of equipment were personal property. The Board then applied a three-part test to determine whether the various equipment were fixtures. The Board found that the equipment became annexed to the realty when it was bolted to the bins, was adapted to the bins' function of moving and storing grain, and—given the size and weight of the equipment—was intended to be annexed until the equipment broke or became obsolete. The Board thus affirmed the County's assessment of all equipment except the temperature-monitoring system.

The Co-op petitioned for judicial review of the Board's decision, filing its petition with the district court and requesting a trial de novo under K.S.A. 2016 Supp. 74-2426(c)(4)(B). In its petition, the Co-op challenged all aspects of the Board's decision, except its analysis of the temperature-monitoring system (which the Board found to be personal property) and the overhead connecting bridges.

Though K.S.A. 2016 Supp. 74-2426(c)(4)(B) contemplates a "trial de novo" before the district court, the parties did not conduct a new evidentiary hearing. Instead,

5

after a series of delays in the litigation, the parties submitted testimony by affidavit from Kemmerer, as well as various stipulations. The parties did not dispute the short summary of the evidence provided to the Board, with both parties referencing the Board's decision in their respective factual recitations. In addition to this written evidentiary record, the parties submitted written argument on the appropriate burden of proof and the application of the fixture test to the equipment in question.

In his affidavit, Kemmerer explained in detail how each piece of equipment subject to the assessment could be easily removed and how removal would not affect the bins' value because similar replacement equipment could be installed. He also described three instances when similar pieces of equipment had been removed and installed on a different bin at some of the Co-op's other locations.

In November 2018, the district court reversed the Board's decision. The court's decision regarding the burden of proof and its fixture analysis are both subject to significant discussion by the parties on appeal.

- *First*, the district court found that the taxing authority—here, the County—not the taxpayer bore the burden of proving the various pieces of equipment were taxable fixtures. In doing so, the district court acknowledged that K.S.A. 79-223(b) describes commercial and industrial machines and equipment as "exempt" from taxation, and a person seeking an exemption has the burden of proving property is exempt from taxation. But relying on K.S.A. 79-1609, the court determined the County bore the burden before the Board and in the trial de novo of proving that otherwise-exempt equipment is a taxable fixture.

- *Second*, the district court concluded—based on Kemmerer's written testimony and the undisputed facts summarized by the Board—that the County had not met this burden. The court interpreted the evidence to indicate the equipment was annexed

6

to the bins and adapted to the processing of grain. But the court found that the County failed to prove the Co-op *intended* to permanently affix the equipment to the bins; the equipment processed the grain, rather than stored it, and could be removed and installed on different bins. Thus, the County had not established that the equipment was a fixture under Kansas law.

Based on these conclusions, the district court ordered the County to refund any ad valorem taxes collected based on the equipment's value from the 2013 and 2014 tax years. The court also indicated that its order should apply to any subsequent years involving this equipment.

DISCUSSION

The County now appeals the district court's decision, challenging its assignment of the burden of proof, its fixture analysis, and its dispositional remedy. The Co-op has cross-appealed, contesting the district court's conclusions—as part of its fixture analysis—that the equipment had been sufficiently attached and adapted to the storage bins for purposes of the fixture analysis.

Each of these assertions is rooted, in part, in Kansas' taxation statutes and requires their interpretation. Courts interpret statutes to effect the legislature's intent. *State v. Queen*, 313 Kan. 12, 17, 482 P.3d 1117 (2021). Our review begins with the statute's plain language. *State v. Dinkel*, 314 Kan. 146, 155, 495 P.3d 402 (2021). If that language is unambiguous, courts apply it as written. Only when an ambiguity exists do courts look to other sources, such as legislative history or canons of construction, for clarification. 314 Kan. at 155. The interpretation of statutes and the allocation of the burden of proof present legal questions appellate courts review de novo. 314 Kan. at 155 (statutory interpretation); *In re G.M.A.*, 30 Kan. App. 2d 587, Syl. ¶ 7, 43 P.3d 881 (2002) (burden of proof). With these principles in mind, we turn to the parties' claims.

7

1. *The district court correctly concluded that the County—not the Co-op—bore the burden of proving the various pieces of equipment were taxable fixtures.*

We first consider the County's assertion that the district court erred when it found that the County bore the burden to prove the various equipment were fixtures subject to taxation. The County claims that the district court should have concluded, as the Board had previously, that the Co-op was required to prove the pieces of equipment were personal property exempt from taxation.

Challenges to taxation decisions involve multiple levels of review. A dispute must first be addressed at an informal meeting with the county appraiser, where the appraiser presents evidence supporting the tax assessment. K.S.A. 79-1448. If this meeting does not resolve the dispute, the taxpayer may appeal the assessment to a hearing officer or panel and then to the Board of Tax Appeals. K.S.A. 79-1606(c); K.S.A. 79-1609. After exhausting these administrative remedies, a taxpayer may petition a court—either the Court of Appeals or the district court where the property is located—for judicial review of the Board's decision. K.S.A. 2016 Supp. 74-2426(c)(4)(A)-(B).

These petitions are generally governed by the Kansas Judicial Review Act (KJRA). See K.S.A. 2016 Supp. 74-2426(c); see also K.S.A. 77-621(a)(2). But there are exceptions to this general rule. Relevant here, when a party seeks review of a Board's decision by the district court, K.S.A. 2016 Supp. 74-2426(c)(4)(B) states the appeal must include a "trial de novo." The statute contemplates that this "trial de novo" will include "an evidentiary hearing at which issues of law and fact shall be determined anew." K.S.A. 2016 Supp. 74-2426(c)(4)(B). These proceedings must be followed "[n]otwithstanding K.S.A. 77-619," which otherwise limits courts' evidentiary decisions in administrative appeals under the KJRA. K.S.A. 2016 Supp. 74-2426(c)(4)(B).

Our analysis begins with identifying who carries the burden of proof in the initial stages of the administrative action (before the hearing officer and the Board). In its order, the Board found that the taxpayer bore the burden of establishing that the various pieces of equipment were personal property, finding the Co-op's claims were "essentially tax exemption requests." In doing so, the Board relied on K.S.A. 79-223(b), which states that certain commercial and industrial equipment is "exempt from all property or ad valorem taxes." In its brief to this court, the County argues that this was the proper assignment of the evidentiary burden based on the general principle that a person claiming a tax exemption must prove that the exemption applies. See *In re Tax Appeal of Collingwood Grain, Inc.*, 257 Kan. 237, Syl. ¶ 4, 891 P.2d 422 (1995).

This discussion by the Board, reiterated by the County on appeal, fails to recognize that the primary issue in this case is whether the Co-op's equipment was taxable *at all*—that is, whether the various pieces of equipment were nontaxable personal property or whether they were taxable as fixtures to the real property. And Kansas law is clear that as the taxing authority, the County bore the burden to prove the equipment was taxable real property in the administrative proceedings before the hearing officer and the Board. See K.S.A. 79-1606(c); K.S.A. 79-1609; *In re Equalization Appeal of Kansas Star Casino*, 52 Kan. App. 2d 50, 67, 362 P.3d 1109 (2015), *rev. denied* 307 Kan. 987 (2017).

When a challenge involves the valuation of real property used for commercial and industrial purposes, Kansas law requires the county or district appraiser—whether before a hearing officer or the Board—to "initiate the production of evidence to demonstrate, by a preponderance of the evidence," that the property has been properly classified. K.S.A. 79-1606(d) (hearing officer); K.S.A. 79-1609 (Board of Tax Appeals).

The County argues that this language describes the production of documents during discovery or the order of evidentiary production during a hearing, not a burden of proof. But the County's position would have us ignore the plain language of the statute,

9

which requires the appraiser "to demonstrate, by a preponderance of the evidence," that the classification was correct. K.S.A. 79-1609. This provision establishes a quantum of proof—"preponderance of the evidence"—and designates who bears the burden of proof during the proceedings—"the county appraiser." K.S.A. 79-1609. In other words, this language evinces a legislative intent that the taxing authority must prove the correctness of its classification. See *In re Camp Timberlake, LLC*, No. 111,273, 2015 WL 249846, at *6-7 (Kan. App. 2015) (unpublished opinion) (in valuing land for tax purposes, K.S.A. 79-1609 requires county to prove land should be classified as commercial rather than agricultural); see also *Kansas Star Casino*, 52 Kan. App. 2d at 67-68 (applying this analysis to fixture determination). The Board thus erred when it placed the burden on the Co-op—not the County—to prove the equipment's status as personal property.

As the County points out, however, K.S.A. 79-1606(c) and K.S.A. 79-1609— which respectively assign the burden and quantum of proof for classification proceedings before the hearing officer and the Board—do not directly resolve who bore the burden of proof when the Co-op petitioned for judicial review of the Board's decision before the district court. In 2021, the legislature amended K.S.A. 74-2426(c)(4)(B) to include the same language as K.S.A. 79-1606(c) and K.S.A. 79-1609, clarifying that the burden of proof rests with the appraiser. L. 2021, ch. 58, § 4. But at the time the district court heard this case, K.S.A. 2016 Supp. 74-2426 did not specifically indicate who bore the burden of proof when a petition for judicial review was filed with the district court, beyond describing the proceedings as a "trial de novo."

We must therefore examine the statutes to determine who the legislature intended to bear the burden of proof during the trial before the district court. The County is correct that under the KJRA, the party challenging an agency's decision generally bears the burden of invalidating the agency action. K.S.A. 77-621(a)(1). Courts have applied this provision to decisions by the Board of Tax Appeals, concluding that the party challenging a Board decision bears the burden of proving its invalidity. See, e.g., *Bicknell v. Kansas*

10

*Dept. of Revenue*, 315 Kan. ___, 509 P.3d 1211, 1229 (2022). In those cases, courts have found that the burden of proof remains with the challenger throughout the proceedings on appeal. 509 P.3d at 1229.

But while the KJRA contains this broad assignment of the burden of proof, the legislature is free to depart from this default rule and assign the burden to a different party as it finds appropriate. See K.S.A. 77-621 (placing the burden on the party asserting invalidity "[e]xcept to the extent [the KJRA] or another statute provides otherwise"). The district court found that this case involved one such legislative departure, concluding that K.S.A. 2016 Supp. 74-2426(c)(4)(B)'s reference to a "trial de novo" continued to place the burden to prove the proper classification of the equipment on the County—not the Co-op—since the County bore the initial burden of proof before the Board. We agree.

Kansas courts have long recognized that a trial de novo—whether in an appeal from an agency determination or from a different court—requires "issues of both law and fact to be determined anew." *Nurge v. University of Kansas Med. Center*, 234 Kan. 309, 317, 674 P.2d 459 (1983). And we have consistently found that the burden of proof in a trial de novo remains with the party who bore the burden in the underlying proceedings. See, e.g., *State v. Legero*, 278 Kan. 109, 114, 91 P.3d 1216 (2004) (government has the burden to prove defendant's guilt in a municipal case and in the appeal de novo to the district court); *In re Park's Estate*, 151 Kan. 447, 452, 99 P.2d 849 (1940) (administrator of the estate had burden to prove correctness of the estate accounting before the probate court and in a trial de novo to the district court); see also *Janda v. Kansas Dept. of Revenue*, No. 118,677, 2018 WL 4263321, at *8 (Kan. App. 2018) (Atcheson, J., concurring) (noting that K.S.A. 2017 Supp. 8-1020, which governed appeals from driver's license suspensions, "does not recast the substantive issues or the burden of proof").

11

Though the County cites numerous decisions in its brief where we have observed that the party challenging a Board decision must prove its invalidity, those cases are not analogous to the assignment of burdens here. In other words, none involved a situation where the county appraiser—not the taxpayer—bore the initial burden before the Board, and the taxpayer exercised his or her right to a trial de novo before the district court. See, e.g., *Bicknell*, 509 P.3d at 1229-30 (concluding that the taxpayer bore the burden to prove a change in domicile, both before the Board of Tax Appeals and before the district court). Nor does the fact that the parties in this case waived a new evidentiary hearing and proceeded on a written record somehow transfer the County's burden. See *Frick v. City of Salina*, 289 Kan. 1, 22-23, 208 P.3d 739 (2009) (trial de novo can be conducted on written record).

The fact that the County would continue to bear the burden throughout these proceedings—before the hearing officer, the Board, and the district court—makes practical sense, as the district court judge in a trial de novo "stands in the shoes" of the previous decision maker. *City of Shawnee v. Patch*, 33 Kan. App. 2d 560, 562, 105 P.3d 727 (2005). And it is consistent with our caselaw indicating that the same party should bear the burden of proof throughout the proceedings. See *Bicknell*, 509 P.3d at 1229. Here, that means the district court stood in the position of the Board, where the County bore the burden to prove that the Co-op's various pieces of equipment were taxable real estate. The district court correctly found that the County—not the Co-op—continued to bear the burden of proof before the district court to show the correctness of its taxing classification.

2. *The district court correctly concluded that the various pieces of equipment are not fixtures.*

Having determined that the district court correctly placed the burden of proof with the County to prove the various pieces of equipment were taxable fixtures, we turn to the substance of the court's analysis.

Generally speaking, Kansas law exempts commercial and industrial machinery and equipment from property and ad valorem taxes. K.S.A. 79-223(b), (d)(2). This exemption does not extend, however, to real property. See K.S.A. 79-261. Real property includes land, buildings, and fixtures—personal property affixed to and considered part of the real estate. K.S.A. 79-102; see *City of Wichita v. Denton*, 296 Kan. 244, 258, 294 P.3d 207 (2013). There is no question that the Co-op's *storage bins* at its Gray County grain elevator were taxable real property. The central question here is whether the Co-op's various *equipment* that had been bolted to the bins were personal property exempt from taxation or had been permanently affixed to the realty (and thus were taxable).

Kansas law has long employed a three-part test—codified by K.S.A. 79-261(b)— to determine whether equipment is a fixture. See *In re Equalization Appeals of Total Petroleum, Inc.*, 28 Kan. App. 2d 295, 300, 16 P.3d 981 (2000). Under this test, machinery and equipment are taxable fixtures only if they (1) are annexed to real property; (2) are adapted to the use of and serve the real property; and (3) were intended by the party attaching the equipment to be permanently affixed to the property. K.S.A. 79-261(b)(2)(A)-(C). This test is fact-dependent, and all three elements must be met for equipment to be a fixture. K.S.A. 79-261(b)(3).

The first element concerns how permanently the item is attached to the real property. *City of Wichita*, 296 Kan. 244, Syl. ¶ 2. Fixtures are generally more difficult to remove than personal property and may result in damage to the item or real property if removed. See *Total Petroleum*, 28 Kan. App. 2d at 300; *In re Equalization Appeal of Coffeyville Resources Nitrogen Fertilizers*, No. 117,045, 2018 WL 4655648, at *10-11 (Kan. App. 2018) (unpublished opinion) (assets that were readily removable were not fixtures). The second element addresses an item's use and purpose in relation to the real property. See K.S.A. 79-261(b)(2)(B); *In re Equalization Appeal of Prairie Tree*, No. 117,891, 2019 WL 493062, at *8 (Kan. App. 2019) (unpublished opinion) (evidence that

13

item improves real property indicative of fixture); see also *Coffeyville Resources*, 2018 WL 4655648, at \*11 (looking at whether item is adapted to and benefits real property, rather than another interest). And the third element assesses the party's intent at the time the item was affixed. See *Total Petroleum*, 28 Kan. App. 2d at 301. To ascertain this intent, courts examine various considerations, such as the nature of the equipment, how it was annexed, the purpose of the annexation, and the annexing party's relation and situation. K.S.A. 79-261(b)(2)(C).

As this summary indicates, the analysis of whether an item is a fixture requires courts to make factual findings and then draw legal conclusions based on those facts. *City of Wichita v. Eisenring*, 269 Kan. 767, 783, 7 P.3d 1248 (2000). We defer to the district court's factual findings if they are supported by substantial competent evidence, viewing the evidence in the light most favorable to the prevailing party without reweighing the evidence. *In re Estate of Moore*, 310 Kan. 557, 566, 448 P.3d 425 (2019). But see *Telegram Publishing Co. v. Kansas Dept. of Transportation*, 275 Kan. 779, 784, 69 P.3d 578 (2003) (when controlling facts are based solely on written evidence, court reviews facts de novo). We exercise unlimited review over a district court's legal conclusions. See *State v. Dooley*, 313 Kan. 815, 819, 491 P.3d 1250 (2021).

In this case, the district court found the equipment met the annexation and adaptation requirements of the fixture test, but it concluded that the County had not shown that the Co-op intended for the equipment to be permanently affixed to its bins. The court explained that even though the equipment was designed to be removable, the Co-op had fastened the various pieces to the storage bins with bolts. And the court found that the equipment was adapted to the use of processing grain in the bins. But it concluded the Co-op had not intended to permanently affix the equipment; the equipment was not unique to these storage bins, could be easily removed and installed on other bins, removal would not damage the bins, and the equipment was attached to process grain— not to simply store it, as the bins do. Because the Co-op did not intend for the equipment

14

to be affixed to the storage bins, the court found the County had erred when it classified the various equipment as taxable fixtures.

The parties' briefs, taken together, now challenge the district court's analysis of all three fixture elements. The Co-op contends in its cross-appeal that though the district court's ultimate conclusion was correct, it erred when it found the equipment was attached to the bins or adapted to their use. And the County asserts that the evidence as a whole showed that the Co-op intended to annex the equipment to the bins; although the Co-op may decide to replace the equipment, the evidence suggested the Co-op intended to keep the equipment in place until it wore out or required an upgrade.

We need not examine each of these elements in detail, however, because we agree with the Co-op that the various pieces of equipment are not fixtures, as they were not sufficiently annexed to the storage bins. For annexation, courts look to "the degree of permanency with which the property is attached to the realty." *City of Wichita*, 296 Kan. at 258. This requires examining various details surrounding an item's physical attachment and removability. See *Total Petroleum*, 28 Kan. App. 2d at 300. A readily replaceable item is less likely to be annexed. *Coffeyville Resources*, 2018 WL 4655648, at *10. In *Total Petroleum*, the panel found that refinery tanks were annexed because of their large size and weight, they had to be constructed on-site, parts were welded together and built into the ground, and removal would require cutting them down piece-by-piece. 28 Kan. App. 2d at 300.

In contrast, another panel found that a metal building was not annexed when, although it was attached to a concrete slab by metal bolts, removal would simply require detaching the bolts and would not damage the realty. *Stalcup v. Detrich*, 27 Kan. App. 2d 880, 886-87, 10 P.3d 3 (2000). And with little discussion of annexation, our Supreme Court found a billboard was not a fixture despite being attached to a concrete foundation

for 20 years because the evidence that the billboard was intended to be removable was "undisputed and overwhelming." *City of Wichita*, 296 Kan. at 259.

Applying these principles here demonstrates that the various equipment is more akin to the removable property we examined in *Stalcup* than the permanently annexed tanks discussed in *Total Petroleum*. It is true that the equipment is large and bolted to the storage bins, as the district court indicated. But the undisputed evidence also showed that the equipment could be easily removed, and removal would not damage the bins. No evidence indicates that removal would be unduly complicated or costly. See *Total Petroleum*, 28 Kan. App. 2d at 301 (finding "exceedingly laborious and complicated" task of removing property indicated property was a fixture). And Kemmerer stated that similar pieces of equipment had been removed and placed on different bins, indicating that doing so is feasible. See *Coffeyville Resources*, 2018 WL 4655648, at *10-11 (readily movable assets not fixtures).

Since the equipment was not attached—or affixed—to the real estate with the requisite degree of permanency, it cannot be classified as a fixture. K.S.A. 79-261(b)(3). We therefore need not consider the questions of the equipment's adaptation and the Co-op's intent. We note, however, that the district court found the same removability aspects of the equipment that we find dispositive in our review of the annexation element also demonstrated that the Co-op did not intend the items to be permanently affixed to the storage bins. We find this analysis persuasive. See *Coffeyville Resources*, 2018 WL 4655648, at *13 (intent can be determined from the circumstances surrounding the installation of the item and the "'structure and mode'" of annexation).

The evidence before the district court showed that the various pieces of equipment were not permanently annexed to the storage bins. Based on this record, the County did not prove that the pieces of equipment were fixtures. Thus, the district court properly reversed the Board's decision upholding the County's contrary classification. We affirm

16

the district court's conclusion and its order that the County refund the ad valorem taxes levied against those items for the 2013 and 2014 tax years.

3. *The district court erred when it included in its refund order tax years beyond 2013 and 2014.*

In its final claim on appeal, the County asserts the district court exceeded its authority by ordering the County to refund any taxes collected based on the equipment beyond the 2014 tax year. The Co-op agrees because it only challenged assessments from the 2013 and 2014 tax years.

Because taxes are levied annually, a taxpayer may only challenge a taxing decision once the tax has been imposed. See K.S.A. 2021 Supp. 79-1460; *KNEA v. State*, 305 Kan. 739, 743, 746-48, 387 P.3d 795 (2017) (standing and ripeness, both elements of subject matter jurisdiction, require an injury that is concrete). But before challenging a taxing decision, a taxpayer must exhaust available administrative remedies. See *Dean v. State*, 250 Kan. 417, 420-21, 826 P.2d 1372 (1992); see also K.S.A. 2021 Supp. 79-1448 (informal meeting is condition precedent to appeal to hearing panel).

Here, the Co-op challenged only its 2013 and 2014 tax assessments. When the Board considered the Co-op's appeal in 2015, the Co-op could not challenge assessments in future years. Accord *Shipe v. Public Wholesale Water Supply Dist. No. 25*, 289 Kan. 160, Syl. ¶ 8, 210 P.3d 105 (2009) (courts cannot engage in premature adjudication of questions that have yet to take shape). And no evidence shows the Co-op attempted to challenge future assessments, when they were made, by exhausting its administrative remedies. Because no evidence indicates the Co-op challenged or took the steps to challenge those future assessments, the district court erred by ordering the County to refund taxes collected after the 2014 tax year. We thus vacate that portion of its order.

Affirmed in part and vacated in part.

17