THE SILVER MINING COMPANY, APPELLANT, *v.* JOHN C. FALL *et. al.*, RESPONDENTS.

ARIZONA SILVER LEDGE — PROOF REQUIRED TO SUPPORT A PLAINTIFF'S THEORY. Where it appeared that plaintiff owned the Arizona Silver Ledge south of a certain line, and defendant owned north of the line, and suit was brought to recover a deposit and prevent defendant working at a point south of the line, on the theory that it was on the ledge, which defendant denied ; and the Court instructed the jury, that to entitle the plaintiff to recover he must establish his theory conclusively, and not merely by a preponderance of evidence: *Held*, error.

INSTRUCTIONS—EVIDENT MEANING VERSUS LITERAL LANGUAGE.    Where in an instruction a Court used the phrase, " the existence of such theory must be established by the plaintiff conclusively ": *Held*, that although taken literally the language was nonsense, the Court evidently intended to say, and it should be assumed the jury so understood it, that the correctness of the theory must be so established.

PROOF OF " THEORY OF CASE."    If the establishment of a plaintiff's case depends upon the establishment of a theory, the correctness of the theory need not be established by any stronger proof than would be required for the case itself, which in general is only preponderating proof.

CONCLUSIVE PROOF NOT REQUIRED.    " Conclusive proof " is not required by the law ; that degree of certainty is left to the domain of mathematics.

AMOUNT OF SECONDARY EVIDENCE TO ESTABLISH A FACT.  If evidence of a second-
ary character be admitted to establish a fact, there is no rule that requires
more of such evidence than would be required of the best.

PRACTICE ACT, SEC. 160—DEVELOPMENT OF MINES—EVIDENCE.  There is nothing in
Sec. 160 of the Practice Act (which authorizes a delay of proceedings in mining
cases for the purpose of allowing developments to be made) to show that it
was intended to make actual developments the only or even the best evidence
admissible.

APPEAL from the District Court of the Fifth Judicial District,
Humboldt County.

This was an action against John C. Fall and D. H. Temple, for
the recovery of a silver-bearing lode, claimed to be a portion of
the Arizona Ledge near the town of Unionville, in Humboldt
County, and for an injunction to restrain them from working it.
The issues having been submitted to a jury, there was a verdict
and judgment for defendants.  Plaintiff appealed from the judg-
ment.

*Thomas H. Williams*, for Appellant.

I.  The idea that the Court directed a consideration of the fact
only as to whether the plaintiff had proved conclusively that a cer-
tain theory was urged in its behalf, and not as to whether that theory
was true, would simply be to suppose the Court indulged in mean-
ingless twaddle about a matter which could not by any probability
have any bearing on the case.  The presumption is, that the Court
intended the instruction to apply to some controverted question in-
volved in the case; and although the most accurate language was not
employed, yet the meaning should be given to the terms used which
was evidently intended, and which the jury must have given them.

II.  It is well settled that for a plaintiff to recover in civil cases,
it is only necessary to sustain his allegations by a preponderance of
testimony.  (1 Greenleaf on Ev., Sec. 13 ; 6 Nev. 137.)  In crim-
inal cases, it is only necessary to a conviction that the prosecution
satisfy the jury of the truth of their hypothesis, beyond a reasonable
doubt; but in this case the plaintiff was required to go even beyond
that, and put the question beyond dispute or argument.

III.   Though a controverted point in a mining case can be definitely settled by actual exploration and development, it does not follow that it is the duty of the party maintaining the affirmative of the proposition to make such exploration. All one has to do to recover in a civil action is to satisfy the jury by a preponderance of competent testimony that he is right. He must be the judge of the amount of testimony he shall introduce; and if he brings himself within the rule, it certainly does not lie within the mouth of his adversary to complain because he has not made his case stronger.

IV.   The plaintiff was not entitled to recover without reasonably satisfying the jury that its witnesses were correct in their inferences; but the Court required more than that, by telling the jury that the plaintiff, to recover, must establish the theory so conclusively as to preclude all argument or controversy.

*R. S. Mesick*, for Respondent.

I.   There was no error in the instruction (which was given by the Court on its own motion) when applied to the circumstances of the case. The burden is on the appellant of explaining how any instruction or ruling complained of produced injury. But appellant contends that the extent of the developments made were so great as to demonstrate the connection of the *locus in quo* of the alleged trespass with the main lead; hence there was no room for theory, and the instruction could not have misled, for it declared that a theory must be sustained by just such development as actually existed in this case. It might have been injurious to respondent, but could hardly be so to appellant, when the proofs or developments which the instruction demands to support a theory both parties admit had been made in the case, so far as any theory of the appellant was concerned.

II.   The instruction was correct. Its point was, that when a party seeks to maintain an action for an alleged trespass upon his premises, he must prove the place of trespass to be within his premises, not by the mere opinion of persons called experts or others, but by proofs more reliable. The nature of the case was such that demonstration could be had; and all who have participated in

the trial of mining cases know that the invariable answer of experts and practical miners is, that the only way of determining whether two bodies of quartz are in the same vein or not is by development, and that by development the question can always be determined with certainty. The Legislature seems to have taken this view of the question in making the provision for delaying a trial until the proper development could be made in mining cases, as set forth in the Practice Act, Sec. ·160.

III. The action was an attempt to recover not upon a " theory alone," but upon practical development; and so the instruction was a mere abstraction, and not capable of doing harm.

*Garber & Thornton*, also for Respondent.

I. If, as an abstract proposition, the instruction was erroneous, there is no cause for reversal, as it was wholly abstract and irrelevant. A new trial will not be granted for erroneous instructions, where they are harmless as to the real questions presented to the jury. (*McCready* v. *S. C. R. R. Co.*, 2 Strobh. 356 ; *Prichard* v. *Myers*, 11 S. & M. 169 ; *Smith* v. *Kerr*, 1 Barb. 158 ; *Selleck* v. *Sugar Co.*, 13 Conn. 460 ; *Roots* v. *Tyner*, 10 Ind. 90.)

II. Where development may decide the controversy, one way or the other, it is idle to resort to theory at all. There is no hardship in requiring the plaintiff to make a connection by actual development : without it, that certainty cannot be attained which the law requires ; without it, we simply leave to the caprice and prejudice of juries the property of every miner in the State. Unless plaintiff is compelled to prove his case by actual development—to follow his ledge into the other—there can be nothing certain or trustworthy in the theories and conjectures of geologists and experts as to the course, dip and width of veins formed millions of years ago, or as to the agencies by which they were formed. We were entitled to the best evidence, and mere theory is not the best evidence. *Williams* v. *The East India Company*, 3 East. 192.

By the Court, LEWIS, C. J. :

The parties to this action having had some controversy concerning their respective rights upon a certain quartz ledge, on the 20th

day of April, A.D. 1869, for the purpose of compromising the difficulty, each executed to the other a deed of conveyance, whereby the plaintiff conveyed to the defendants all its right, title and interest·in the Arizona ledge, lying south of a designated point, together with all the spurs and angles ; and Fall and Temple, in return, executed a deed to the plaintiff, which declares : " That the said parties of the first part (Fall and Temple) in consideration of a full and amicable compromise and settlement between the parties hereto, upon the terms stated in a stipulation on file in the Fifth Judicial District Court, State of Nevada, of certain actions at law between said parties in said Court, and the further consideration of a good and sufficient deed of conveyance, conveying all the right, title and interest of said party of the second part to said parties of the first part of, in, and to all that portion of the Arizona ledge, lead or lode, situate in Buena Vista Mining District, Humboldt County, Nevada, lying south of a point on said ledge marked by an iron pin driven into the rocks, on the west side of the upper tunnel, fifteen feet north of the incline of said party of the second part bearing on said ledge, hereby grant, bargain and sell, remise, release and quit-claim unto the said party of the second part, all the right, title and interest of the said parties of the first part of, in, and to the following described mining ground, situate in the said Buena Vista Mining District, to wit : All that portion of the Arizona lead or lode lying south of an iron pin driven into the rocks on the west side of the upper tunnel, fifteen feet north of the incline of said party of the second part, in and upon said Arizona ledge for a distance of twelve hundred feet in a southerly direction from said iron pin, and all right, title and interest in and to said ledge south of said point, by virtue of, and by reason of, the location of the claim known as the Manitowock No. 2, together with all the dips, spurs and angles, rights, privileges and appurtenances thereof."

The defendants having passed south of a line protracted westerly from the pin mentioned in the deed, and at a point about seventy-five feet southwesterly from the pin, and having come upon argentiferous rock, proceeded to take it out and appropriate it ; when this action was commenced by the plaintiff, it claiming that they were upon that portion of the Arizona ledge deeded to it by the instru-

ment above referred to ; that is, south of a line protracted from the iron pin. That they are south of such line is conceded, but it is claimed by defendants that they are not on the Arizona ledge, or if so, that they are on a spur projected from the ledge north of the line and extending south of it, and consequently, that it belongs to that portion of the ledge lying north of the line, although extending south of it. The plaintiff claims that the ledge lies rather horizontally in the hill, and that the defendants are at work on the same ledge as that in which the iron pin is driven, or what is called in the deed, the Arizona ledge. It is also claimed by plaintiff that the defendants have no right to follow a spur or angle of the ledge south of the division line designated by the pin.

After a conclusion of the evidence upon these issues in the Court below, the Judge charged the jury in this manner : " When a mining claim is sought to be recovered in an action on a theory alone, and the correctness of such theory is denied by the defendant in the action, the existence of such theory must be established by the plaintiff conclusively, and not merely by a preponderance of evidence, in order to entitle him to recover ; that is, where there is no actual developed connection between the ledge owned and claimed by the plaintiff and the one he seeks to recover as a part of the same lode."

The giving of this instruction is assigned as error by the plaintiff. By the words " existence of such theory " must be understood correctness of such theory. To say that the Court meant that the *existence* of a theory must be conclusively proven would simply make nonsense of the instruction. The Court evidently intended to say, and it must be assumed the jury so understood it, that the correctness of the theory must be so established. A theory exists if it be simply announced by a single individual. So there can be no question of preponderance of evidence to establish its existence, but there may be as to its correctness.

That it misstates the law, and when taken in connection with the facts of this case was calculated to mislead the jury, can scarcely admit of doubt. Let the facts be examined. The main issue between the parties was the identity of the ledge owned by the plaintiff and into which the iron pin was driven, and the body of quartz upon

which the defendants were working. The plaintiff claimed that its ledge lay in the hill in a horizontal position, dipping in the center, forming a saucer-shaped deposit; that it extended to where the defendants were at work, and that the ore taken out by them was from this ledge. There was no developed connection, as the instruction would seem to require, between the plaintiff's portion of the ledge where the pin was driven, and the point at which the defendants were at work. A drift had been run a portion of the way, but it remained incomplete when the action was tried. Thus, at the time of trial there was no developed connection whatever south of the line dividing the claims of the respective parties between the point where the defendants were at work and the ledge admitted to be owned by the plaintiff. Under the circumstances, it became necessary for the plaintiff to rely upon a theory, which was, that the ledge was in the form and lay in the position already mentioned. This theory or conclusion was doubtless drawn from what could be observed from the configuration of the hill, and from such developments as had been made in the neighborhood. But the instruction made it necessary to establish its case either by such developed connection, or by a conclusive establishment of its theory respecting the position of the ledge. Not having made such development, and being compelled to rely upon what is here called theory, it becomes necessary to determine whether such theory must be conclusively established, or only like any other fact upheld by a preponderance of evidence. If a party be entitled to recover at all upon a theory, why should it be required to be established by evidence different from any other fact? What is here called a *theory*, if it be established, would have entitled the plaintiff to recover. To establish the correctness of the *theory* was to make out a case for the plaintiff. If correct, the plaintiff would undoubtedly be entitled to recover, and upon such correctness its case depended.

In many cases, as it may have been here, the proof adduced to establish the theory as directly and strongly tends to make out the main case as to establish the theory itself; that is, where the establishment of the theory is equally an establishment of the case. Why then should the correctness of the theory be established by any stronger proof than the case itself? Wherefore the rule, that a

theory should in any case be conclusively established? If a drift were run to connect the ledge upon which the pin is driven, and the *locus in quo*, and there was upon examination a question as to whether there was a continuous quartz connection, or whether the drift for its entire length passed through vein matter, surely the plaintiff would not be required to establish these facts conclusively. If its evidence outweighed that of the defendants upon them, it would be entitled to recover; but not more so than if the preponderance of evidence established the theory upon which the plaintiff relied in this case. If, for example, the theory advanced by plaintiff that its ledge lay horizontally in a saucer shape in the hill could be established to the satisfaction of the jury, it would tend at least to make out its case. Why then should it be required to establish the correctness of such theory conclusively, any more than any collateral fact in a case from which the main issue is deduced? It is very seldom that direct and positive proof is presented upon the main issues between parties in any case. The main facts are generally deductions from collateral facts proven. So here the theory advanced by the plaintiff was not direct evidence that the defendants were at work on the ledge in which the pin was driven, but it was, if established, a collateral fact tending to establish it. If the plaintiff had the right to rely upon a theory at all, and produce evidence to establish it, certainly there is no rule of law known to the books which requires it to be conclusively established. The law requires nothing to be conclusively proven. It leaves that degree of certainty to the domain of mathematics. All that is, generally required in civil actions is a preponderance of evidence upon any issuable fact.

But it is argued that the instruction was not relevant to the case, because the plaintiff did not rely upon theory alone, and hence if erroneous the case should not be reversed, because it cannot be presumed the jury were misled by a statement of an abstract proposition of law not applicable to the facts. Counsel are certainly mistaken as to the matter of fact. The instruction required from the plaintiff, either a developed connection between the plaintiff's ledge and the point of dispute, or a conclusive establishment of its theory. Now it cannot be claimed that there was any such

developed connection. It was admitted at the argument that the drift which had been projected to make such developmemt was not completed. The developments which were made in the chamber, and by the defendants, certainly did not amount to a developed connection between the ledge marked by the pin and the point where defendants were at work, nor did any or all of the developments existing at the time of trial make such connection between the two points. The plaintiff was then driven to the necessity of advancing its theory of the horizontal position of the ledge, and in that way establish the fact that it extended to the point in dispute. The defendants claimed that there were two ledges decussating each other at a point north of the division line ; but the plaintiff sought to show that there was but one ledge south of the division line, and that the defendants were at work upon it. This was not established by development—that is, by a drift extending from the known ledge to the point in controversy—hence the necessity for the theory which was adopted to rebut the case made by defendants.

Again, it is argued that the theory attempted to be established by plaintiff was not the best evidence, and that the Legislature of this State, by authorizing a delay of proceedings in cases of this kind for the purpose of allowing developments to be made, intended to require actual development as the best evidence. If the evidence offered by the plaintiff were not the best evidence, the proper course was to object to its admission. If admitted at all, we know of no rule which requires more evidence of secondary character to establish a fact than of the best. In either case, a preponderance is all that is generally required.

Nor can we see anything in the statute referred to, from which to conclude that the Legislature intended to make actual development the best, or only, evidence in mining cases. The section referred to simply authorizes the delay of proceedings for the purpose of allowing either party to make developments should they choose to do so, without any intimation that that should be the only evidence admissible.

The fifth instruction seems also to be incorrect; but as our views of the one above referred to necessitate a reversal of the case, we deem it unnecessary to discuss it.

The judgment of the Court below must be reversed. It is so ordered.

WHITMAN, J., being disqualified, did not participate in the above decision.