CRAIG K. HOLLIDAY, Appellant, *v.* TERRENCE McMULLEN as Guardian Ad Litem for JOHN KELLY HOLLIDAY and PETER HOLLIDAY, Respondents.

No. 18227

June 24, 1988                               756 P.2d 1179

[Rehearing denied August 16, 1988]

*Gardner & McNabney,* Reno, for Appellant.

*Hamilton & Lynch,* Reno, for Respondents.

## OPINION

*Per Curiam:*

Mary Holliday was brutally murdered in her home during the evening of June 5, 1985. Appellant Craig K. Holliday was the last known person to see Mary Holliday, his mother, alive. A grand jury returned an indictment against Holliday on the charge of murder with the use of a deadly weapon. Holliday was subsequently tried by a jury and acquitted of all charges. Holliday then succeeded to his mother's estate pursuant to NRS 134.090. Holliday's two sons, respondents herein, through their Guardian ad Litem, Terrence McMullen, subsequently filed a civil action against Holliday in July, 1986. Respondents claimed that Holliday murdered their grandmother to keep them from inheriting her estate because Holliday knew of her intent to disinherit him.

After trial, the district court determined that appellant murdered his mother and was ineligible to succeed to his mother's estate pursuant to NRS 134.007.[1] The district judge entered a decision in favor of respondents on their claims of wrongful death, intentional interference with an advantageous economic relationship, and imposition of a constructive trust. The court

---

[1]NRS 134.007 provides: "No person convicted of the murder of the decedent is entitled to succeed to any portion of the decedent's estate. The portion to which he would otherwise be entitled to succeed goes to the other persons entitled to it under the provisions of this chapter."

awarded compensatory damages in an amount equal to the value of the decedent's estate ($350,000) and punitive damages in a like amount. We agree with appellant's contention that, under NRS 134.007, only a criminal conviction of murder will preclude an individual from succeeding to an estate. We further conclude the district court erred in interpreting NRS 134.007 to allow a civil determination of guilt after Holliday had previously been acquitted.

At common law, a murderer was not precluded from succeeding to the estate of his victim. *See generally* Annotation, *Homicide As Precluding Taking Under Will or By Intestacy,* 25 A.L.R. 4th 787 (1983). State legislatures, rightfully resolving that killers should not profit from their heinous deeds, began passing laws that have come to be known as slayer statutes. NRS 134.007, added to the Nevada Revised Statutes in 1981, is such a statute.

A defendant is presumed innocent until the contrary is proved. A defendant charged with the commission of a crime and faced with the loss of his freedom, or worse, cherishes the significance of his presumed innocence. Punishment will not be imposed until the prosecuting agency proves that the charges are true, beyond a reasonable doubt. *See* NRS 175.201.

The burden of proof in a civil action is less stringent. A preponderance of the evidence is all that is needed to resolve a civil matter. Silver Mining Co. v. Fall, 6 Nev. 116 (1870). This burden is too easily manipulated. Peeples v. Corbett, 117 Fla. 213, 157 So. 510 (1934).

The statute in question, including the word "convicted," should be given its common sense meaning. Courts can not "convict" a defendant of a criminal offense in a civil action. Defendants must be convicted of murder, or any other criminal offense, in a criminal action, where the burden of proof protects and preserves constitutional rights.

The legislature has chosen to preempt the common law by enacting 134.007. The statutory bar to inheritance contained in NRS 134.007 can only be extended by the legislature. *See* Hill v. Morris, 85 So.2d 847 (Fla. 1956). Legislative intent to disinherit must be clearly reflected, it will not be implied. Estate of Kramme, 143 Cal.Rptr. 542, 573 P.2d 1369 (1978). Statutes in derogation of the common law must be strictly construed. Sutherland Stat. Const. § 61.01-06 (4th Ed.). *See* NRS 87.040. NRS 134.007, in its present form, does not apply to a defendant who has been acquitted of all criminal charges.

In view of this conclusion we find it unnecessary to address appellant's remaining contentions. Thus, we hold that the district court erred and consequently reverse the district court's ruling.