921 P.2d 1258 (1996)
Darren MACK, Appellant,
v.
Debra Lyn ASHLOCK, Respondent.
No. 28144.
Supreme Court of Nevada.
August 16, 1996.
*1259 Silverman & Decaria, Chtd., and Whitney Selert, Reno, for Appellant.
Skelly & Sheehan, Reno, for Respondent.

OPINION
YOUNG, Justice:
Appellant Darren Mack ("Mack") and respondent Debra Lyn Ashlock ("Ashlock") were previously married and have two children, Jory Daine Mack ("Jory") and Jaqueline Elise Mack ("Elise"), from their marriage. Mack and Ashlock have joint legal custody of their children. Ashlock has primary physical custody of the two children.
In August 1995, Mack filed a motion with the district court requesting the court's authority to enroll his children at Cambridge Montessori School ("Cambridge"), at his expense. On August 24, 1995, counsel for Mack and Ashlock met in the district judge's chambers to discuss the motion. On November 22, 1995, the district judge entered his order denying Mack's motion and awarding Ashlock attorney's fees.
Mack appeals, arguing that (1) the district court erred by requiring the non-custodial parent to overcome, by clear and convincing evidence, a decision of the primary custodial parent; (2) the district court erred by failing to give proper consideration to the children's best interests regarding which school the children should attend in the fall of 1996; and (3) the district court erred by improperly awarding attorney's fees to Ashlock.
For the reasons articulated below, we reverse the district court's order and remand this case to the district court with instructions.

FACTS
Mack and Ashlock were divorced on March 18, 1991. The terms of the marital settlement agreement ("the agreement") indicate that Mack and Ashlock have joint legal custody of Jory and Elise. The agreement further provided that Ashlock has primary physical custody of the children. Additionally, the agreement provides that "[t]he Mother agrees to consult with the Father on such *1260 matters as surgery, major medical treatment, selection of schools and substantial disciplinary matters with a view to arriving at a harmonious policy calculated to promote the best interests of our children."
According to Mack, he was not entirely happy with his children's public school, Pleasant Valley Elementary School ("Pleasant Valley"), and wanted the children to attend private school. In July 1995, Mack began searching out private schools for the children to attend that fall. In mid-August 1995, Mack informed Ashlock that he would provide her with information on two private schools, Trinity Montessori and Cambridge.
Ashlock told Mack that she was "open to" the possibility of the children attending private school in the future. However, due to the "last minute" nature of Mack's attempt at changing the children's schooling, Ashlock was reluctant to change the children's schools for the 1995-96 school year. Ashlock wanted to consider the change of schools for the 1996-97 school year after she had a chance to fully examine the prospective schools. Additionally, Ashlock contends that Mack's "last minute" decision to change the children's school would result in a hardship upon her and her family due to the transportation required to and from Cambridge.
Ashlock claims that she never refused to receive any information on the schools, attend interviews at the schools, provide basic data regarding the children or discuss the children's future enrollment at Cambridge, as alleged by Mack. Ashlock further contends that she needed additional time to examine the schools because she heard some negative comments about the schools.
An impasse regarding the children's schooling resulted, prompting Mack to motion the district court to compel Ashlock to allow the children to attend Cambridge.[1] On August 24, 1995, arguments from Mack's and Ashlock's counsel were heard in the district judge's chambers. During the hearing, the district judge stated:
I know of no guidelines from our own Supreme Court, but I can tell you how I feel about it, especially considering the timing and the limited opportunity to try to compare the merits of both sides of this case. If I have a primary custodian who shows the kind of unusual concern that Mrs. Ashlock seems to show and who made what sounds to me like an intelligent choice, I think I would have to go beyond probable cause to something like a clear and convincing evidence standard that the overall academic and social experience for the children would be clearly superior in a school chosen by the non-primary physical custodian, and I simply don't have that kind of evidence available from this limited hearing to be able to say that Jory and Elise are going to have such a better experience at [Cambridge] Montessori, even though it enjoys a wonderful reputation in this community, that disrupting them, having them transported on every day all the way across town, interrupting some of the socializations that occurs, that purportsI'm not at this point comfortable that the kind of clearly superior tests that I've enunciated here has [sic] been met, and I'm not going to force Mrs. Ashlock to enroll her children in the Montessori school.
On November 22, 1995, the district court entered an order indicating that Mack could revisit the motion with "the understanding that his burden of proof must be clear and convincing evidence that the total social and academic environment that the children would enjoy by going to the Montessori School outweighs some of the other considerations of the children going to their neighborhood, public, Pleasant Valley School." (Emphasis added.) Additionally, the district court, having considered Ashlock's request for attorney's fees, awarded Ashlock the amount of $680.00 in attorney's fees.

DISCUSSION
In child custody matters, the Nevada Legislature has explicitly stated that "the sole *1261 consideration of the court is the best interests of the child." NRS 125.480; see also NRS 125.510(1)(a) (indicating that the court may make an order regarding the children's education which is in the children's best interests). While we have not specifically addressed which burden of proof applies when determining the best interests of a child, we have repeatedly afforded the district court wide discretion in its decisions regarding best interest determinations and child custody. See Sims v. Sims, 109 Nev. 1146, 865 P.2d 328 (1993); Primm v. Lopes, 109 Nev. 502, 853 P.2d 103 (1993).
In Primm, we stated that "[t]his court will not disturb the lower court's determinations absent a clear abuse of discretion." Primm, 109 Nev. at 504, 853 P.2d at 104 (citing Gilbert v. Warren, 95 Nev. 296, 594 P.2d 696 (1979)). Furthermore, the Primm court stated that "in child custody matters, a presumption exists that the trial court properly exercised its discretion in deciding what constitutes a child's best interest." Id. (citing Culbertson v. Culbertson, 91 Nev. 230, 533 P.2d 768 (1975)).
In the present case, we conclude that the district court abused its discretion by requiring Mack to prove by "clear and convincing evidence that the total social and academic environment that the children would enjoy by going to the Montessori School outweighs some of the other considerations of the children going to their neighborhood, public, Pleasant Valley School." We have previously stated that "[a] preponderance of the evidence is all that is needed to resolve a civil matter." Holliday v. McMullen, 104 Nev. 294, 296, 756 P.2d 1179, 1180 (1988) (citing Silver Mining Co. v. Fall, 6 Nev. 116 (1870)). Therefore, absent a clear legislative intent to the contrary, we conclude that the standard of proof in this civil matter must be a preponderance of the evidence. See, e.g., NRS 128.090(2) (requiring the petitioner to prove by clear and convincing evidence that parental rights should be terminated).[2]
We conclude that the district court abused its discretion by requiring Mack to overcome, by clear and convincing evidence, Ashlock's decision relating to the children's schooling. Additionally, due to the district court's failure to mention its basis for granting Ashlock's request for attorney's fees, we are unable to determine if the award of attorney's fees was appropriate.
Accordingly, we reverse the district court's November 22, 1995 order and remand this case to the district court with instructions. On remand, the district court is instructed to apply the preponderance of evidence standard of proof when it reconsiders Mack's motion. Also, on remand, if the district court determines that Ashlock's request for attorney's fees was warranted, the district court is instructed to indicate the basis for its decision so that this court may, if necessary, meaningfully review the determination.
STEFFEN, C.J., and ROSE, J., concur.
SPRINGER, J., concurs in result only.
SHEARING, Justice, concurring:
I agree that the order of the district court should be reversed on the ground that the improper standard of proof was applied. However, I point out that the district court's order is particularly disturbing in another respect not considered by the majority. The district court stated:
If I have a primary custodian who shows the kind of unusual concern that Mrs. Ashlock seems to show and made what sounds *1262 to me like an intelligent choice, I think I would have to go beyond probable cause to something like a clear and convincing evidence standard that the overall academic and social experience for the children would be clearly superior in a school chosen by the non-primary physical custodian....
This statement fails to recognize what joint legal custody meansnamely, that both parents have an equal right and responsibility to make decisions associated with the health, education and welfare of the children, even though primary physical custody may be with one parent. The district court's statement indicates that there is a presumption in favor of the decision made by the physical custodian. There is no such presumption. On the contrary, when parents cannot agree on an important subject like the education of a child, the parents come into court on an equal footing. The sole question for the court is which parent's choice is in the best interests of the child. Here, the district court's deference to the custodial parent's choice is particularly puzzling when it appears that one of the principal reasons for the mother's objection to the father's choice of school was the inconvenience to her in transporting the children. This reason does not sound like one which considers the best interests of the child!
NOTES
[1] Jory, born August 9, 1988, was scheduled to begin second grade at Pleasant Valley in September 1995. Jacqueline, born February 17, 1990, was scheduled to begin kindergarten at Pleasant Valley in September 1995.
[2] While we conclude that the district court erred by imposing the heightened standard of proof in its order which decided Mack's motion, we recognize that the children's enrollment for the past school year is now a moot issue. However, we deem it necessary to remedy the erroneous standard of proof contained in the November 22, 1995 order because the district court's order indicated that Mack could revisit the motion in the future. In fact, it has recently come to this court's attention that Mack is currently in the process of revisiting the motion with respect to the children's upcoming school year.