An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

KARI HORAN N/K/A KARI POWNING,
Appellant,
vs.
JEROD ARREGUINI,
Respondent.

No. 59308

**FILED**

MAY 15 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a fast track child custody appeal from a district court order denying a request to change child custody based on allegations of child abuse. Second Judicial District Court, Family Court Division, Washoe County; Chuck Weller, Judge.

Appellant and respondent were never married and have one child together. In 2008, the district court granted appellant primary physical custody, subject to respondent's visitation rights. Thereafter, appellant filed the underlying motion to modify custody based upon allegations that respondent had sexually abused the child. Appellant requested sole legal and physical custody. The district court granted appellant sole custody pending investigation of the alleged abuse.

After the investigation concluded, the district court held a three-day evidentiary hearing. At the conclusion of the hearing, the court determined that the allegations of abuse were unsubstantiated and denied appellant's request for sole legal and physical custody of the child. This appeal followed.

On appeal, appellant contends that the district court improperly applied the higher beyond a reasonable doubt standard, rather than the preponderance of the evidence standard applicable to custody

13-14434

modifications, in determining whether respondent had abused the child. Appellant argues that there was substantial evidence to support the allegations of respondent's abuse. Appellant also summarily argues that the district court expressed bias against her at trial.

A court may modify primary physical custody when there has been a substantial change in circumstances affecting the child's welfare, and the child's best interest is served by the modification. *Ellis v. Carucci*, 123 Nev. 145, 150-51, 161 P.3d 239, 242-43 (2007). Generally, in establishing the child's best interest, the court applies a preponderance of the evidence standard. *See Mack v. Ashlock*, 112 Nev. 1062, 1066, 921 P.2d 1258, 1261 (1996); *but see* NRS 125C.230(1) (providing that clear and convincing evidence of domestic violence creates a rebuttable presumption that custody with the perpetrator is not in the child's best interest). In evaluating a custody order, this court must be satisfied that the district court's decision was made for appropriate reasons and that the factual determinations are supported by substantial evidence. *Rico v. Rodriguez*, 121 Nev. 695, 701, 120 P.3d 812, 816 (2005). Child custody matters rest in the district court's sound discretion, and this court will not disturb the custody decision absent an abuse of that discretion. *Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996); *Sims v. Sims*, 109 Nev. 1146, 1148, 865 P.2d 328, 330 (1993).

Here, the district court determined that the child abuse allegations against respondent were unsubstantiated by social services and that the district attorney's office declined to bring criminal charges against respondent. The court considered conflicting testimony from professional therapists and determined that appellant did not show by a preponderance of the evidence that respondent had abused the child or

SUPREME COURT
OF
NEVADA

(O) 1947A

that it was in the child's best interest to grant appellant sole legal and physical custody. It is the duty of the trier of fact, not an appellate court, to weigh the credibility of witnesses. *Castle v. Simmons*, 120 Nev. 98, 103, 86 P.3d 1042, 1046 (2004). Having reviewed the record, we conclude that the district court was fair and unbiased at trial and applied the correct evidentiary standard. We further conclude that the district court's findings are supported by substantial evidence and that the district court did not abuse its discretion in its custody determination. *See Rico*, 121 Nev. at 701, 120 P.3d at 816; *Wallace*, 112 Nev. at 1019, 922 P.2d at 543. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Chuck Weller, District Judge, Family Court Division
       Sandra A. Unsworth
       Jerod Arreguini
       Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A