**133 Nev., Advance Opinion 104**

IN THE SUPREME COURT OF THE STATE OF NEVADA

MATTHEW F. ARCELLA,
Appellant/Cross-Respondent,
vs.
MELISSA A. ARCELLA,
Respondent/Cross-Appellant.

No. 71503

**FILED**

DEC 26 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

Appeal and cross-appeal from a post-divorce decree district court order modifying a child's educational placement. Eighth Judicial District Court, Family Court Division, Clark County; Lisa M. Brown, Judge.

*Reversed and remanded with instructions.*

Pecos Law Group and Shann D. Winesett and Bruce I. Shapiro, Henderson, for Appellant/Cross-Respondent.

Law Offices of F. Peter James, Esq., and F. Peter James, Las Vegas, for Respondent/Cross-Appellant.

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, STIGLICH, J.:

Child custody determinations require a district court to determine the child's best interest. In this case, we are tasked with determining what weight, if any, a court should afford one parent's objection to the child receiving a religious education. We conclude that the focus of the court's inquiry must remain on the child's best interest and not the religious preferences of the parents. Because the district court treated one

parent's religious objection as dispositive, failed to conduct an evidentiary hearing to determine the child's best interest, and failed to support its order with factual findings, we reverse and remand for the district court to make a proper best interest determination.

## BACKGROUND

Melissa and Matthew Arcella divorced in 2009. They agreed to and were awarded joint legal and physical custody of their two children, four-year-old R.A. and two-year-old W.A. Regarding their children's education, the divorce decree provided: "Subject to both parties mutually agreeing to send their children or child to private school, [t]he parties agree to equally split the cost of private school tuition and costs for the minor children." The parents agreed to enroll the children at The Henderson International School (Henderson), a small, private, secular school. In 2014, they agreed in a stipulated order that the children would continue at Henderson, but Matthew would be responsible for all tuition costs. In 2016, when 11-year-old R.A. was about to finish her elementary education, the parents agreed that, although Henderson offered middle school education, R.A. should attend a larger middle school. They disagreed as to which school.

Matthew moved the district court for an order directing that R.A. attend a religious private school, Faith Lutheran. He argued that it was in R.A.'s best interest to attend Faith Lutheran because she was used to private schooling, she wanted to enroll there, and Faith Lutheran had a high college placement rate.

Melissa objected to her child receiving a religious education at Faith Lutheran. She argued that R.A. should attend the local public school, Bob Miller Middle School, which was highly ranked for academics and closer to R.A's primary residence.

Without holding an evidentiary hearing, the district court ordered that R.A. would attend Bob Miller Middle School. The court's order is notably devoid of findings. After summarizing the factual background, procedural history, and both parents' arguments, the order found that attending *both* schools would be in the child's best interest. Recognizing, however, that it was "not feasible" for R.A. to attend two schools at once, the court chose Bob Miller Middle School because it was "taking into consideration [Melissa's] religious objection."

Matthew appeals the portion of the order directing R.A. to attend Bob Miller Middle School.[1]

## DISCUSSION

When parents in a joint legal custody situation disagree as to a child's education, they "may appear before the court on an equal footing to have the court decide what is in the best interest of the child." *Rivero v. Rivero*, 125 Nev. 410, 421, 216 P.3d 213, 221-22 (2009) (internal quotation marks omitted); *see also* NRS 125C.0045(1)(a) (authorizing courts to make orders regarding a child's education "as appears in his or her best interest"). We review a district court's best interest determination for a clear abuse of discretion. *Mack v. Ashlock*, 112 Nev. 1062, 1065, 921 P.2d 1258, 1261 (1996).

Here, the district court abused its discretion in three respects: (1) it disfavored religion in violation of the First Amendment's Establishment Clause, (2) it failed to conduct an evidentiary hearing, and

---

[1]The court also ordered the parties to bear their own fees and costs. Melissa appeals this portion of the order, but our decision to reverse and remand renders this issue moot.

(3) it did not support its order with factual findings concerning R.A.'s best interest.

*The district court abused its discretion by treating Melissa's religious objection as dispositive*

Parents have a fundamental right to direct the "care, custody, and control of their children." *Troxel v. Granville*, 530 U.S. 57, 65 (2000). The government generally may not infringe upon that right when two fit parents agree as to their child's religious and educational upbringing. *Wisconsin v. Yoder*, 406 U.S. 205, 235-36 (1972); *Pierce v. Society of Sisters*, 268 U.S. 510, 534-35 (1925). But, when parents in a joint custody situation disagree as to their child's upbringing, a court resolves the dispute by ordering what it determines to be in the child's best interest. *Rivero*, 125 Nev. at 421, 216 P.3d at 221-22.

When a district court decides a child's best interest, "[t]he First Amendment mandates governmental neutrality between religion and religion, and between religion and nonreligion." *Epperson v. Arkansas*, 393 U.S. 97, 104 (1968); *see also* U.S. Const. amend. I ("Congress shall make no law respecting an establishment of religion . . . ."); *Everson v. Bd. of Educ. of Ewing*, 330 U.S. 1, 15 (1947) (incorporating the First Amendment's Establishment Clause to the states through the Fourteenth Amendment's Due Process Clause). Neutrality means that the district court "may not be hostile to any religion or to the advocacy of no-religion." *Epperson*, 393 U.S. at 104; *see also Abington Sch. Dist. v. Schempp*, 374 U.S. 203, 225 (1963) ("[T]he State may not . . . affirmatively oppos[e] or show[ ] hostility to religion, thus preferring those who believe in no religion over those who do believe." (internal quotation marks omitted)).

The district court violates this principle of neutrality when it treats one parent's religious objection as dispositive when deciding between

(O) 1947A

a religious school and a nonreligious school. *Jordan v. Rea*, 212 P.3d 919, 925 (Ariz. Ct. App. 2009). "Excluding religious schooling from all potential school options, in effect, eliminates the option of religious schooling rather than treating it neutrally." *Id.*; *see also Yordy v. Osterman*, 149 P.3d 874, 876 (Kan. Ct. App. 2007) (stating that a court should "disregard[ ] the conflicting religious preferences of the parties"); *Hoedebeck v. Hoedebeck*, 948 P.2d 1240, 1242 (Okla. Civ. App. 1997) ("[T]he court may not decide that one religion is better or worse than another, but it does have the duty to determine the best interests of the children.").

Here, the district court disfavored religion rather than acting neutrally toward it. In ordering that R.A. attend a nonreligious school, the only explanation the court provided was that it had "tak[en] into consideration [Melissa's] religious objection." The district court made no findings regarding the child's best interest and appears to have treated Melissa's religious objection as dispositive in an attempt to avoid constitutional issues related to religion. In trying to steer clear of constitutional issues, however, the district court collided head-on with the First Amendment's Establishment Clause by disfavoring religion.

In sum, a district court does not violate the First or Fourteenth Amendments by ordering a child to attend a religious school over a parent's religious objection. Indeed, the district court *must* order a child to attend the religious school if attendance at that school accords with the child's best interests. The district court here abused its discretion by deferring to a parent's religious objection instead of reviewing Matthew's affidavits for adequate cause and then holding an evidentiary hearing to determine which school served the child's best interest.

*The district court failed to conduct an evidentiary hearing*

A district court must hold an evidentiary hearing on a request to modify custodial orders if the moving party demonstrates "adequate cause."[2] *Rooney v. Rooney*, 109 Nev. 540, 542, 853 P.2d 123, 124 (1993). "Adequate cause arises where the moving party presents a prima facie case" that the requested relief is in the child's best interest. *Id.* at 543, 853 P.2d at 125 (internal quotation marks omitted). To demonstrate a prima facie case, a movant must show that "(1) the facts alleged in the affidavits are relevant to the [relief requested]; and (2) the evidence is not merely cumulative or impeaching." *Id.*

Here, four facts established adequate cause for the district court to hold an evidentiary hearing: (1) R.A. was about to finish elementary school, (2) her parents agreed that it was in R.A's best interest to attend a different middle school, (3) her parents disagreed as to which middle school would be in R.A.'s best interest, and (4) Matthew's affidavit set forth facts relevant to that determination. *See id.* Thus, Matthew demonstrated adequate cause for the court to conduct an evidentiary hearing. *See id.* at 542, 853 P.2d at 124. Instead of conducting such a hearing, the court abused its discretion by deciding solely "upon contradictory sworn pleadings [and] arguments of counsel." *Mizrachi v. Mizrachi*, 132 Nev., Adv. Op. 66, 385 P.3d 982, 990 (Ct. App. 2016).

While these circumstances obligated the district court to conduct an evidentiary hearing, the *form* of that hearing remains within the district court's discretion. *See Sims v. Sims*, 109 Nev. 1146, 1148, 865 P.2d

---

[2]This opinion does not affect our holding in *Ellis v. Carucci* that there must be a "substantial change in circumstances" to justify a modification of primary physical custody. 123 Nev. 145, 147, 161 P.3d 239, 240 (2007).

328, 330 (1993) ("The trial court enjoys broad discretionary powers in determining questions of child custody."). Thus, the district court has discretion to decide whether it is appropriate to interview R.A. under these circumstances. *See* NRS 125C.0035(4) (directing courts to "consider" the wishes of the child, if the child is of sufficient age and capacity, but not requiring an interview).

*The district court failed to support its order with specific findings*

A district court has wide discretion when determining issues related to child custody, but it is this court's duty to examine whether a district court's "determination was made for the appropriate reasons." *Sims*, 109 Nev. at 1148, 865 P.2d at 330. We cannot fulfill our duty if the district court neglects to make "[s]pecific factual findings" on the record. *Rivero*, 125 Nev. at 430, 216 P.3d at 227. That is why we require a district court's order to "tie the child's best interest, as informed by specific, relevant findings . . . to the custody determination made." *Davis v. Ewalefo*, 131 Nev., Adv. Op. 45, 352 P.3d 1139, 1143 (2015); *see also* NRS 125C.0045(2) ("The court shall state in its decision the reasons for the order . . . .").

Here, the district court's only "finding" was that "it would be in the child's best interest to attend both schools." We are at a loss as to what that conclusion means, as well as how the court reached it. Rather than a substantive determination of R.A's best interests, the district court's only "finding" amounts to a judicial shrug, which is insufficient to satisfy the district court's duty to make specific factual findings regarding the child's best interest.

We realize, however, that the district court may have struggled with the lack of statutory guidance as to *how* to determine which school is in the child's best interest. Therefore, we take this opportunity to provide guidance to the district courts on the factors to consider when determining

 

educational placement of a minor. The school that accords with the child's best interest does not necessarily mean the most expensive or the highest ranked school; it means the school best tailored to the needs of the particular child. Based on our examination of this case and others that have addressed this issue, *see, e.g., Jordan*, 212 P.3d at 928, the following factors will likely be relevant to a court's determination:

(1) The wishes of the child, to the extent that the child is of sufficient age and capacity to form an intelligent preference;

(2) The child's educational needs and each school's ability to meet them;

(3) The curriculum, method of teaching, and quality of instruction at each school;

(4) The child's past scholastic achievement and predicted performance at each school;

(5) The child's medical needs and each school's ability to meet them;

(6) The child's extracurricular interests and each school's ability to satisfy them;

(7) Whether leaving the child's current school would disrupt the child's academic progress;[3]

(8) The child's ability to adapt to an unfamiliar environment;

(9) The length of commute to each school and other logistical concerns;

(10) Whether enrolling the child at a school is likely to alienate the child from a parent.

---

[3]For example, on remand, the district court may consider how R.A. has fared at Bob Miller Middle School and the extent to which switching schools would disrupt her academic career.

 

We stress that these factors are illustrative rather than exhaustive; they are merely intended to serve as a starting point for a district court's analysis. Determining which school placement is in the best interest of a child is a broad-ranging and highly fact-specific inquiry, so a court should consider any other factors presented by the particular dispute, and it should use its discretion to decide how much weight to afford each factor. On remand here, the district court should utilize this factor-based approach to determine the child's best interest.

## CONCLUSION

We reverse the district court's order directing that R.A. attend Bob Miller Middle School and remand the matter to the district court. Upon remand, the district court must conduct an evidentiary hearing and make specific factual findings—not to determine which school is best, but to determine which school is best for R.A.

_____, J.
Stiglich

We concur:

_____, C.J.
Cherry

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Pickering

_____, J.
Parraguirre

